Parsons, C. J.
No exception has been taken by the appellee to the right of the plaintiff to appeal from the order of the Court below for dismissing the action. But the point has had the consideration of the Court as a matter of practice.
The appellate jurisdiction of this Court from actions determined in the Common Pleas is given by the statute of 1782, c. 11. The second section provides that any party aggrieved at the judgment of the Common Pleas upon any action, may [ * 195 ] appeal therefrom to the next Supreme Judicial Court, and no execution shall be issued by the Common Pleas upon the judgment appealed from. The right here given has always been confined to an appeal from the final decisions of the Common Pleas, and not extended to any interlocutory judgment.
Accordingly, the statute of 1784, c. 27., § 8., gave an appeal from judgments of respondeos ouster, on a plea in abatement, and also from a judgment for the plaintiff upon demurrer, before the Court had proceeded to inquire of, and to assess the damages. The statute of 1785, c. 47., gave an appeal in actions of account from the judgment quad computet. And an appeal in partition from the judgment quad partitio fiat is given by the statute of 1786, c. 53.
In all other cases an appeal lies only from the final decision of the Common Pleas. Hence it has been doubted, as the appeal in terms has been given to the party aggrieved at the judgment of the Common Pleas, whether an appeal lies from an order of that Court, finally determining the action there. If this provision is to extend only to judgments technically considered, the party would be without remedy, if he had no day in Court given him by an order to *148 arrest the judgment, or to stay all proceedings in any action, wnich certainly could not be the intent of the statute.
We had occasion to consider this point, as it related to an order to arrest judgment after verdict, in the case of Bemis vs. Faxon (2). In that case we sustained an appeal from an order to arrest the judgment, to prevent the Common Pleas from ousting this Court from its appellate jurisdiction. The same reason applies to an appeal from an order to stay all proceedings in any action. We are therefore satisfied that the provision of the 2d section of the statute of 1782, c. 11., is not to be confined to a judgment, on which an [ * 196 ] execution may issue, but that it extends * to any final determination of any action in the Common Pleas, whether it be by order or judgment.
The motion before the Court is to stay all proceedings, because the service of the writ is defective.
It has been an immemorial practice, in the service of a writ sued on contract against two or more defendants, if some of the defendants are without the jurisdiction of. the commonwealth, so that their bodies cannot be arrested, and having no usual place of abode with-o in the state, at which summons may be left, to cause the writ to be served on the defendants within the state, and to proceed only against them for the breach of the contract by all the defendants. The defendants, upon whom the service is made, plead that they, with the others, did not make the promise, if the action be on assumpsit, and so mutatis mutandis, if the action be debt; and if the plaintiff recover judgment, it is entered against the defendants only who were served with process.
From the frequency of the circumstance of joint debtors having been found to live in different states, this practice is exceedingly convenient; and no injustice is done, because if judgment had been recovered against all the debtors, the plaintiff might have satisfied it out of the defendants, against whom it is in fact recovered. This practice originated from necessity, as no mode of service is provided by our laws upon a debtor without the state, who has no place of abode or property within it. It has also been extended to actions against executors or administrators, living in different states, as the judgment is against the estate of the deceased.
We cannot set aside this practice, and it must govern us in this case, unless it is controlled by some of the provisions of the statute of 1797, c. 50. The sixth section'only, if any, can apply to this case. It is there enacted, that when there are two or more joint debtors, and one or more of them are without the state, having *149 property within it, but not any tenant, agent, trustee or attorney, * this property may be attached, and a sum- [*197] mans being left with a joint debtor within the state, shall be a legal service on the other. This section directs the service of the writ, where the plaintiff would proceed against all the debtors, and would attach the estate of those absent; but it cannot apply to the present case, where the absent debtor had no estate to be attac’ ed. The ancient practice must therefore prevail, and the plaintiff may proceed and recover against the defendant, who has been served with the process.
By the Court. The motion is overruled, and the appeal is susained (a).

 2 Mass. R. 141.

 Call vs. Hagyer, 8 Mass. 423. — Parker vs. Danforth, 16 Mass. 299