By the Court.

It is agreed in this case, that the debtor was out of his proper limits as a prisoner. The defence is, that the sheriff deceived him by giving him improper instructions. This cannot avoid the effect of the bond, given voluntarily by the obligors, and placing the debtor’s conformity to its condition at his own peril. This circumstance may well bring the case within the provision of the statute of 1810, c. 116, that where it shall appear that a debtor, having given bond for the liberty of the yard, shall, through misapprehension of the limits, commit an escape, the court may enter judgment for the plaintiff for the money due on the execution, with costs.
The defendants have relied on another point in this cause, having cited the statute of 1809, c. 33, § 2, by which suits on prison bonds are limited to one year after the * breach; and it is agreed that this action was not commenced until more than a year from the breach alleged.
The plaintiff objects to this act, as being void by the provision of the federal constitution, which declares that “ no state shall' pass any ex post facto law, or law impairing the obligation of contracts.” — If the legislature of any state were to undertake to make a law, preventing the legal remedy upon a contract lawfully made and binding on the party to it, there is no question that such legislature would by such act exceed its legitimate powers. Such an act must necessarily impair the obligation of the contract, within the meaning of the constitution ; and the courts of law would be found, therefore, to consider it as a void act of legislation, and as having no force or authority. But to extend this principle to acts for the limitation of suits at law, which, when enacted with a due discretion, and a reasonable time allowed for the commencement of suits on existing demands, are wholesome and useful regulations, would be extravagant. It must be left to the discretion of the legislature to fix the proper limitations. In the case under consideration, the term of a year is not, in our opinion, unreasonably short.
But a true construction of the statute in question will not extend it to actions on bonds, where, the escape having taken place before the passing of the act, a right of action had vested in the creditor. Such being the fact in this case, the plaintiff is entitled to judgment ; and by the agreement of the parties the defendants must be called.

Defendants defaulted.