Dennett *v.* Chick & al.

---

## DENNETT & AL. EX'RS. *v.* CHICK & AL.

If one of two *joint* promisors have neither domicil nor property in this State, a *separate* action may be maintained here against the other.

A judgment in another State against one of two joint promisors, without satisfaction, is no bar to an action in this State against the other, upon the original contract.

*Assumpsit* on a joint promissory note, made by the defendants to the plaintiffs' testatrix. The defendant *Ham* not being to be found in this State, and having no domicil *here*, no service was made on him. The defendant *Chick* appeared, and pleaded in bar a judgment of the Court of Common Pleas for *Strafford* county in the State of *New-Hampshire*, recovered by the testatrix against *Ham*, in an action on the same note, *Chick* having no domicil nor property in *that* State; on which judgment a writ of execution had been issued, and returned without satisfaction. To this plea the plaintiff demurred.

*J. Holmes* and *Hayes* in support of the demurrer.

The justice of the case is obvious; as well as the necessity of preventing co-debtors from avoiding their joint contracts by taking a residence in different States.

If a foreign judgment be pleaded, it should be with *satisfaction;* without which no collateral security, not even a judgment, is a bar. *Chipman v. Martin,* 13 *Johns.* 240. 3 *Caines,* 4. 14 *Johns.* 444.

*Shepley,* for the defendant.

The law is the rule of decision; and the *law* is the justice of every case.

The note was *joint,* and not several; and by the common law of *England* it is necessary to sue both, and pursue to outlawry.

And no statute or usage exists here to the contrary. The cases of *Tappan v. Bruen*, 5 *Mass.* 193, and *Call v. Hagger & al.* 8 *Mass.* 420, go only to the manner of the remedy, but do not deprive the party of any defence he may have at common law. Had the suit here been against both promisors, it could not be maintained, because a judgment had been had against one. The parol contract is merged in a higher security; and the *joint* promise exists no longer. *Ward v. Johnson & al.* 13 *Mass.* 148. 1 *Chitty on plead.* 29.

Mellen C. J. at the following *May* term in *Cumberland*, de-livered the opinion of the Court as follows :

*Chick* and *Ham* having given a *joint* note to the testatrix, she commenced an action in *New-Hampshire* on the note; declaring against *both* the promisors; but as *Chick* was not then an inhabitant of that State, the writ was served on *Ham* only, and judgment was rendered against *him*.—In the *present* action, the writ has been served on *Chick only ;* as *Ham* was not with-in the jurisdiction of the Court; and the question is whether the judgment in *New-Hampshire* rendered against *Ham*, and which is pleaded in this case by *Chick* in bar of the action, constitutes a legal defence.

If one of two *joint* promisors be sued, it is well known that, unless he plead the non-joinder of his co-promisor in *abatement*, he is liable to a *several* judgment in the action.—The judgment in *New-Hampshire* was rendered on default; and if that action had been sued in this State, and against *Ham only*, such a judg-ment would have been regular.—In those cases where the promisors in a *joint* note live in *different* states, no *joint action* can be maintained and pursued to judgment; and un-less a suit can be sustained against one of the promisors *alone*, no remedy can be had by the promisee.—These inconvenien-ces are considered in the case of *Tappan v. Bruen*, 5 *Mass.* 193, and seem to be the basis of that decision. It is there de-cided that in such a case according to immemorial usage an ac-tion may be maintained against the promisor who lives *in* the State, where no service could be made on the *other*, living *with-out* the State.—The same principle is recognized in a note to the case of *Call v. Hagger & al.* 8 *Mass.* 423. It is true that

Dennett *v.* Chick & al.

in *Ward v. Johnson & al.* 13 *Mass.* 148. the Court decided that, as the plaintiff had in a former action recovered a judgment against *one* of the defendants, such judgment disproved the *joint* promise on which the plaintiff relied, and formed a bar to the action.—In two respects, however, *that* action differs from *this.*—*There*, the former judgment was recovered in *Massachusetts* against *one* of the promisors; and the writ in the latter was served on *both* the promisors; and they *both* joined in pleading the several judgment in bar.—In the case before us, the writ was served on *Chick only*, and he only appears and pleads the *New-Hampshire* judgment.—Can *he* avail himself of a judgment recovered against *another* person, merely because he was a *joint* promisor?—It is a general rule that no person is bound by a judgment, or can avail himself of it, unless he be a party or privy to it.—In this case the plea does not contain any averment that the former judgment has been satisfied.—The justice of the case is so clearly with the plaintiffs, that unless some unquestioned principle sanctions the defence, we are disposed to render judgment in their favour.

No case has been found precisely similar to the one before us. *Sheehy v. Mandeville*, 6 *Cranch*, 253. has a strong resemblance to it.—The facts were these.—In 1805 the plaintiff brought an action against *Jameson* and obtained judgment against him.—Sometime after, discovering that *Mandeville* was a *secret partner* of *Jameson*, the plaintiff commenced another action against *Jameson* and *Mandeville.*—*Jameson* having been discharged under an act of Congress for the relief of insolvent debtors within the District of *Columbia*, no further proceedings were had against him. In the *second* action *Mandeville* pleaded the judgment against *Jameson* in bar; and on demurrer, the Circuit Court held the plea good; but, on error, the Supreme Court reversed the judgment. In delivering the opinion of the Court, the Chief Justice observed, " that admitting for the " present that a previous judgment against *Jameson* would be a " sufficient bar, as to him; had *Jameson* and *Mandeville joined* " *in the same plea*, it would have presented an inquiry of some " intricacy, how far the benefit of that bar could be extended " to *Mandeville.* But *they have not joined* in the same plea. " They have severed; and as the note is not merged in a judg-

" ment against *Jameson* on his individual *assumpsit*, the Court
" is not of opinion that *Mandeville* has so pleaded this matter
" as to bar the action." As *Jameson* had ceased to be a party
to the suit, by his discharge, and the pleadings were by *Mandeville* only; such discharge would seem to have the same
effect and leave the cause in the same situation as though he
had never been joined and declared against in the action; or
rather, had never been served with legal process.—He was then
placed in the same circumstances, with respect to *Mandeville*,
as *Ham* is in this action with respect to the defendant *Chick*.—
We do not perceive any technical rule of law by which the
plea in this action can be considered a good bar; and for the
reasons given we are of opinion that the plea in bar is insufficient.

*Judgment for the plaintiffs.*