Shaw C. J.
delivered the opinion of the Court. The right of appeal from the Court of Common Pleas to this Court, though originally simple, and though of constant recurrence in practice, has become so involved and complex by reason of the various legislative enactments on the subject, *449 that it becomes necessary to reexamine the several statutes with some care.
Previously to the establishment of the Circuit Court of Common Pleas in June 1811, the right of appeal was held to exist in cases of final judgment, without regard to the form of such judgment. Any order or proceeding w’hich disposed of the cause, and placed the parties out of court, as an order to dismiss an action on motion, was held to be a final judgment, from which an appeal might be taken. Tappan v. Bruen, 5 Mass. R. 193. But the law establishing the Circuit Court of Common Pleas limited the right of appeal in personal actions, to cases where the demand exceeded $ 100, and in which an issue of fact, or in law, had been joined.
This was soon changed by St. 1813, c. 174, by which an appeal was allowed in all cases originally commenced before the Court of Common Pleas, without regard to the ad damnum, in which an issue had been joined.
By a "subsequent act, Si. 1817, c. 185, some new features are introduced into the legislation upon this subject, which it is important to consider ; for though the act itself has been repealed, these provisions have been mostly reenacted, and have a material bearing upon existing acts. It provided that no appeal should be allowed from the Court of Common Pleas, in any personal action wherein the sum demanded did not exceed $ 70. It provided, § 5, for alleging exceptions as in the subsequent act. _ It also provided, § 6, that nothing in the act should deprive any party of his writ of error, tot any error appearing of record, or prevent any party aggrieved by the judgment of the Court of Common Pleas rendered upon any issue of law, or case stated by the parties, where it is not agreed that the decision of such Court shall be final, from appealing therefrom to the Supreme Judicial Court, as heretofore, provided there be no agreement to waive the pleadings ; but the Supreme Judicial Court shall decide the case upon the same pleadings, or agreed statement.
As there was an unlimited right of appeal, in all personal actions originating in the Court of Common Pleas, before this last act passed, by St. 1813, c. 174, such right was still preserved in all cases, though under $ 70, decided on an issue in *450 law or case stated. But this right was conditional, and existed only where, upon such issue in law or case stated, there should be no right reserved to waive the pleadings and plead anew, above. This excluded from the operation of this saving clause, cases carried up by the demurrer in common form, and therefore cases could not be thus carried up, under this statute, unless the ad damnum exceeded $70.
Thus the law stood till the new organization of the t 'ouri of Common Pleas under the same system which now exists. This was effected by Si. 1820, c. 79, which, in most particulars, is still in force. By this act, that court has original and exclusive jurisdiction of all civil actions, except those in which the Supreme Judicial Court or justices of the peace then had original jurisdiction. It provided, § 4, that any party aggrieved at the judgment of the Court of Common Pleas in any real action or in any personal action wherein any issue has been joined, in which the debt or damage demanded shall exceed $ 100, may appeal; with suitable provisions in regard to costs, to enforce a compliance with this limitation, on the part of the plaintiff and defendant respectively.
This statute also, § 5, like that of 1817, provides, that any party aggrieved by any opinion, direction or judgment of the Court of Common Pleas in any matter of law, may allege exceptions to the same, which being reduced to writing and allowed, the proceedings shall thereupon be stayed, and the action be entered in the Supreme Judicial Court, who shall have cognizance thereof, and render judgment or grant a new trial, at the bar of this Court, as law and justice shall require.
The obvious purpose of this provision is, to enable any party to have a revision of the opinion of the Court of Common Pleas, in the Supreme Judicial Court, in matters of law, where the demand being under $ 100, the case is not open to a general right of appeal, and where the matter of law does not appear on the record.
To bring a case within this provision, it must appear by the record of the Court of Common Pleas,, that there was some <c opinion,” “ directionor “ judgment,” of that court, in some matter of law, and that exceptions were taken to the same in writing and allowed by the presiding judge. Those requi *451 sites must be complied with, before the Supreme Judicial Court can take cognizance of such a case, pursuant to tms statute, although it is no matter how summary the exceptions may be.
This statute also provides, § 6, that nothing therein shall be construed to deprive any party of his right to a writ of error, for any error appearing of record, or to prevent any party aggrieved by the opinion or judgment of the Court of Common Pleas rendered upon any issue at law, or case stated by any parties, where it is not agreed that the decision of such Court shall be final, from appealing to the Supreme Judicial Court as heretofore. This however was originally, like the former, a conditional right, and the condition was, that upon such issue at law joined, or case stated, there should be no right reserved to waive the pleadings, or case made, in the Court of Common Pleas, but that the Supreme Judicial Court should decide upon the same pleadings or case stated. But by an act passed shortly after, (Si. 1821, c. 23) this proviso was expressly repealed, whereby the right of appeal is left unconditional where the judgment is upon an issue in law or case stated.
Upon a literal construction of the word “ heretofore,” as it stands unrepealed in the statute of 1820, a slight doubt might arise, whether it intended the conditional right of appeal, existing immediately before the passing of this act, under St. 1817, or an unconditional right of appeal, as it stood before the act of 1817. But, when it is considered that the statute of 1320 superseded and in effect repealed the statute of 1817, and took its place, and the same condition was annexed, it is to be presumed that it was intended to have the same effect; that is, that there should be a right of appeal, though the ad damnum was under $ 100, if the judgment was upon an issue in law or case stated, and no right reserved to waive the pleadings. Besides, upon the literal construction supposed, both the proviso containing the condition in St. 1820, and the provision in St.
1821, repealing it, would be wholly nugatory and useless The only reasonable construction therefore is, that the repeal of the proviso, by the St. 1821, took away the condition, and left the right of appeal absolute, from a judgment on an issue in law, or case stated, although there should be a right to waive *452 the pleadings, mutually reserved and conceded. This construction is strengthened by . the consideration that no appeal can be had, under this clause, where the demand is under $ 100, except by the consent of both parties, without which no such right to waive the pleadings can be reserved. And cases may readily be conceived, where other considerations would have more weight with the parties than the mere amount of the ad damnum, where some important right is in controversy, and where both parties might choose to go at once to the court of last resort in a mode the most simple and attended with the least delay and expense. It seems, therefore, that in the case of the common demurrer with reservation, in the Court of Common Pleas, though the ad damnum be under $ 100, the action may be carried to the Supreme Judicial Court by appeal, with a right to plead anew, to take the common course of actions thus brought up, and be open upon all questions, as well of law as of fact.[1]
A question may arise, as to the form in which a judgment should come up, which is rendered in the Court of Common Pleas upon a case stated. The matter giving the court above jurisdiction, should regularly appear upon the record. Commonly an agreed statement of facts does not appear upon the record, but the parties agree to a nonsuit or default, as the court may decide on the facts, and in such case, the record shows only the nonsuit or default, and the judgment thereon. But as the statute recognizes a case stated, as the foundation upon which a judgment may be rendered, as it is a.suitable and convenient mode, and well adapted to accomplish the purpose of a judgment, that of showing what the decision of the court is, and the allegations and facts upon which it is founded, we can perceive no objection to entering the agreed statement upon the record, somewhat in the manner of a special verdict, and the judgment of the court thereon. The record might proceed in the usual form, setting forth the parties, the declaration, the appearances, the continuances, and that at such a term the parties agreed upon a statement of facts, signed by their respective attorneys, of the following tenor to wit, *453 (entering it at length) and thereupon respectively prayed the judgment of this Court. The judgment of the court, together with the claim of an appeal and recognizance in common form, might then be added, by which the record would be complete.
To apply these principles and various statute provisions to the case under consideration, the question arises, whether a trustee in a case where the demand is under $ 100, who is charged upon his answer, or a plaintiff in like case, where the trustee is discharged, can appeal. This depends upon the consideration whether the decision of the court, charging or discharging a trustee, is a judgment rendered upon an issue joined, and if so, whether it is an issue in law.
This question is not without difficulty, inasmuch as the point contested between the plaintiff and trustee, is not upon an issue in its strict technical sense. It seems however very clear, that a trustee may be considered as a party to a suit, and in fact he is often the most interested party, defending his own rights against adverse claims. As such he may be aggrieved at the judgment of the Court of Common Pleas, and according to the whole course of the policy of our law, he is entitled, in some form, to the opinion and decision of the court of last resort, upon his legal rights. He is within the letter of the statute, as a parly aggrieved, if the question, whether trustee or not, be considered as a question arising upon an issue joined.
We think that this may be considered a question arising upon an issue, within the meaning of these statutes. The statute seems to have intended to distinguish between a decision upon motion, or other collateral or interlocutory proceeding, and a final adjudication of the very matter of law or fact in controversy.
At common law, parties are said to be at issue, when in the course of pleading they come to a point, whether of law or fact, which is affirmed on one side, and deniea on the other. This, no doubt, applies primarily to an issue in the course of pleading according to the forms of the common law. But where a statute is manifestly designed to secure a beneficial privilege, in a manner consonant to the whole course of legal policy, it should have a liberal construction to effect the intended purpose. The question between the plaintiff and the *454 trastee is substantially an issue. The trustee is called upon tc surrender certain money or property. He contests the claim. His only mode of pleading, and that must be in writing, is his answer and submission, and a denial that he is trustee. The plaintiff, by his prayer for judgment upon the.answ'er, in effect, if not in form, reiterates his assertion, that he is trustee, which is in substance the joinder of an issue.
What renders this reasoning the more satisfactory is, that such is believed to have been the uniform practice under the statute, as well since the right of appeal has been limited to cases in which issue has been joined, as before.*
There would seem therefore to be little doubt, that a trustee, if charged, or a plaintiff, if the trustee be discharged, would have a right of appeal, where the ad damnum is above $ 100. Still the question recurs, whether such right exists where the ad damnum is under that sum ; and it depends upon this, whether the issue upon the trustee’s answer is an issue in law.
The matter in issue is the point controverted. On the trustee’s answer the facts cannot be controverted. The answer is conclusive, and if the facts are falsely stated, the only remedy is by a separate action, in which they may be controverted. For the purposes of the decision in the original case they are taken as true. The only point controverted therefore is, the liability of the trustee to be charged upon the facts disclosed, and this is clearly a question of law. The result is, that the point asserted on the one side and denied on the other, is an issue in law, from a judgment upon which the party aggrieved may appeal, although the amount demanded is less than one hundred dollars.
Motion overruled, and the appeal sustained.

 See Revised Stat. c. Ill, § 1.

 See Abbott v. Wiley, 17 Pick. 321; Stat. 1840, c. 87, § 5.

 See Richards v Allen and Trustee, 8 Pick. 405.