## HALL & al. vs. WILLIAMS.

In debt on a judgment of the Superior Court of *Georgia*, the defendant pleaded in abatement that the judgment was rendered against him and another, who was still living, at *Boston* in *Massachusetts ;* and on demurrer the plea was held ill ; for that the other living out of the state, the action was well brought against the one alone.

In such action the absent defendant should be named in the declaration, as party to the record declared on, to avoid the effect of a plea of *nul tiel record.*

Where a judgment is declared on, without a *profert*, no *oyer* can be had.

THIS was an action of debt on a judgment, as rendered against the defendant alone by the Superior Court of *Chatham* county in the State of Georgia ; and brought originally in this Court ; but no *profert* was made of the record. At a former term the defendant prayed *oyer* of the record declared on ; which the plaintiffs resisted, on the ground that *oyer* was not to be had where there was no *profert ;* and that no *profert* need be made of a record, which was equally accessible to both parties. 1 *Chitty's Pl.* 352, 416, 417 ; 1 *Saund.* 9 *b.* note 1 ; 1 *Ld. Raym.* 250, 347 ; 1 *D. & E.* 149. And the Court denied the motion.

The defendant then pleaded in abatement that the judgment was rendered against himself and one *Abijah Fisk,* jointly ; and that the latter was still living, in *Boston,* in the Commonwealth of Massachusetts. The plaintiffs replied that the judgment was rendered against *Williams* alone, and not jointly against him and *Fisk.* The defendant rejoined, setting forth an attested copy of the record, by which it appeared that process was issued against *Fisk* and *Williams ;* that the former was not to be found ; that service was made on *Williams, May* 4, 1824 ; that the latter appeared by attorney and pleaded that he never promised ; the plea being filed *July* 15, 1824 ; that on the 11th of *Jan.* 1825, the jury found for the plaintiffs ; upon which judgment was entered against both defendants, *Feb.* 12, 1825 ; and that afterwards, on the 19th of *Jan.* 1829, on motion of the plaintiffs' attorney, notice of which had been previous-

ly served on Mr. *Gordon* the attorney of record to the defendant *Williams*, it was ordered that the judgment be amended, and that the plaintiffs have leave to enter judgment *nunc pro tunc* against the latter alone, which was done ;—and thereupon the defendant alleged that *June* 1, 1824, he removed from *Georgia* to *Maine*, leaving no property in that State ; and that he had had no agent or attorney there since *Feb.* 12, 1825, when the judgment was rendered. The plaintiffs surrejoined that the defendant was served with process, and made an attorney, by whom he contested the suit, as above stated ; and that he had never discharged his attorney, or caused his authority to cease. To this the defendant answered, by rebutter, that his attorney was retained no longer than during the pendency of the action ; which was terminated, and judgment rendered therein, *Feb.* 12, 1825. To which the plaintiffs put in a general demurrer.

The case was argued in writing, by *Sprague & Robinson* for the plaintiffs, and *Allen* for the defendant ; but as the arguments turned chiefly upon the form of the pleadings, the right of the court in *Georgia* to amend the record of judgment, and the effect of the amendment when made, it is unnecessary to report them, the decision being made on other grounds.

MELLEN C. J. delivered the opinion of the Court.

This cause has been ingeniously argued by the counsel on both sides ; but the ground on which we place our decision, renders a particular examination of the authorities they have cited, and the arguments they have urged, in our opinion unnecessary. The principle is a very familiar one, that in deciding upon demurrer, the court will trace back the pleadings, and ascertain which party has committed the first fault. We need only examine the plea and declaration. The plaintiffs declare on a judgment which they allege that they recovered against the defendant, in the superior court of the State of *Georgia.* The defendant pleads in abatement that it was recovered against him and *Abijah Fisk* jointly, and not against him alone, and that said *Fisk* is still living at *Boston*, in the Commonwealth of *Massachusetts*, and of course ought to have been

KENNEBEC.

named in the writ and declaration. Is this a good plea? A plea must be good when pleaded; but if then bad, and must have been so pronounced, had it been demurred to, it is equally bad and must be pronounced so, though the demurrer be to the last stage in the pleadings. In *U. States v. Arthur*, 5 *Cranch*, 257, *Marshall C. J.* says, " the want of oyer is a fatal defect in the plea ; and the court cannot look to any subsequent proceedings ; the plea was bad when pleaded." Without looking to any of the facts disclosed in the rejoinder, and considering the judgment as now remaining in the same form in which it was entered, against *Williams* and *Fisk* jointly, does the plea contain matter sufficient in law to abate the writ ? Had the defendant pleaded in bar that there was no such record as that on which the plaintiffs had declared, a very different question would have been presented, which the plaintiffs must have answered. The principle of law is, that a plea in abatement is to be construed strictly. The plea states that *Fisk* should have been named in the writ and declaration as one of the judgment debtors. So he should have been in order to prevent the plea of *nul tiel* record ; but, as against the plea in abatement, the insertion of the name of *Fisk* was of no importance. Suppose it had been so inserted, the writ could not have legally been served upon him, because he was an inhabitant of *Massachusetts* at that time ; and it is not averred in the plea that he had any property, agent or attorney within this State. The plea states that the plaintiffs' judgment is a joint one against him and *Fisk*. Be it so. How can the plaintiffs commence an action against *Williams* and *Fisk* jointly, they being inhabitants of different states ? This is not a new question. In *Tappan v. Bruer*, 5 *Mass.* 193. *Parsons* C. J. in delivering the opinion of the court observes : " It has been an immemorial practice, in the service of a writ sued on contract against two or more defendants, if some of them are without the jurisdiction of the Commonwealth, so that their bodies cannot be arrested, and having no usual place of abode within the State at which a summons may be left, to cause the writ to be served on the defendants within the State, and to proceed against them for breach of the contract by all

Hall & al. *v.* Williams.

the defendants. This practice originated from necessity, as no mode of service is provided by our laws upon a debtor without the state, who has no place of abode or property within it." In the case of *Dennett v. Chick,* 2 *Greenl.* 191, this court has adopted the same principle in its full extent and acted upon it, and we are perfectly satisfied with that decision. In our opinion, these cases settle the present cause, assuming, as the defendant in his plea assumes, that the judgment is still a joint one against the defendant and *Fisk,* then, according to the doctrine relied on by his counsel, no action on that judgment can ever be maintained, because the judgment debtors choose to live in different states, and are not amenable to the same tribunal. The plea, to use technical language, does not give the plaintiffs a better writ. If in the present action the plaintiffs had declared upon a judgment alleged to have been recovered against *Williams* and *Fisk* jointly, and the defendant had pleaded in abatement the non-joinder of the two judgment debtors as defendants and the plea had contained the same averment it does now as to the life and place of habitancy of *Fisk,* it must have been adjudged insufficient, according to the foregoing decisions ; and surely it is not of a different character, merely because it discloses the existence of a fact, which, if alleged in the declaration, would have furnished no objection to the maintenance of the action. In thus deciding the insufficiency of the plea, we at the same time decide the declaration to be good. The demurrer is overruled, and a *respondeat ouster* awarded.