## COMMONWEALTH *vs.* ROBERT STEVENS.

Writs of *scire facias*, sued out by the commonwealth on forfeited recognizances, do not require to have the declaration certified under *St.* 1851, *c.* 233, § 40.

Exceptions to an interlocutory order of the common pleas, refusing to dismiss a writ for want of such certificate, cannot come up until after final judgment.

SCIRE FACIAS on a recognizance to the commonwealth. The defendant moved that the action be dismissed, because the attorney for the commonwealth had not certified that he had investigated the cause of action declared on, and that he was

of opinion that it was a fit subject for judicial inquiry and trial, according to *St.* 1851, *c.* 233, § 40. In the court of common pleas this motion was overruled by *Byington*, J. and the defendant filed his exceptions.

*T. G. Coffin*, for the defendant.

*Clifford*, (attorney-general,) for the commonwealth.

CUSHING, J. The record in this case shows a forfeiture of a recognizance, at September term, 1851, in a criminal proceeding; *scire facias* sued out and returned at December term, 1851; and at the same term a motion in behalf of the defendant to dismiss the case, for the alleged cause of the absence of a certificate, in the terms of the following provision of the *St.* of 1851, *c.* 233, § 40, namely: " When an attorney shall be employed by the plaintiff, he shall certify at the foot of the declaration, or if by the defendant, at the foot of the answer or plea, that he has investigated the cause of action declared on, or the defence set forth, as the case may be, and is of opinion that it is a fit subject for judicial inquiry and trial." The motion was refused, and exceptions taken. Was the motion competent in form and substance? Does it come here lawfully on the exceptions? These are the questions now to be determined.

The act of 1851 is dated May 22, 1851, and was to take effect from and after the last day of the ensuing August, (§ 120.) The *St.* of 1852, (§§ 86 and 91,) reënacting in part the *St.* of 1851, *c.* 233, repealed it as a statute, the repeal to take effect on the first Monday of the ensuing August. The provisions of § 40 of the *St.* of 1851, *c.* 233, and all provisions of that act depending on it, are omitted from the new act, which, however, contains the following provision (§ 86) : " The repeal shall not affect any action pending when this act takes effect as far as relates to the previous proceedings therein, * * * * * * and the subsequent proceedings in every such action, shall be according to the provisions of this act, except where the court shall otherwise order." On comparing the two acts, it admits of consideration, whether such a matter as the present was not within the discretion of the court of common pleas.

The motion here is to dismiss, in the analogy of practice under previous acts, in the case of writs not indorsed. It may be doubted whether that was the proper motion. The act of 1851, which revives, or professes to revive a system of logical pleading, in place of the antecedent contrary condition of the law, expressly provides demurrer as the remedy pertinent to the defect under consideration, that of a declaration not duly certified by the attorney. (See § 31.) And although the language of this section was perhaps not intended to be exclusive, still, it might well be so construed in the sense of symmetry of pleading and practice.

Exceptions, it would seem, are not regularly taken in the present case.

The *St.* of 1840, *c.* 87, substitutes exceptions to any ruling of the court of common pleas on questions of law, where previously there might have been an appeal. *Cushing* v. *Field*, 9 Met. 180; Colby's Practice, 302. It had been decided that an order of the court of common pleas, dismissing an action, is a final judgment and appealable. *Tappan* v. *Bruen*, 5 Mass. 193; *Wood* v. *Ross*, 11 Mass. 271. *Secus*, if the order be one refusing to dismiss. *Lamphear* v. *Lamprey*, 4 Mass. 107; *Rathbone* v. *Rathbone*, 4 Pick. 89. For the order in the latter case is only interlocutory.

If this were a criminal proceeding in form, the provision of the Rev. Sts. *c.* 138, § 11, would come in play, which provides for the taking of exceptions only after conviction. But the process here is civil in form, and must be disposed of by collation with the provisions of the Rev. Sts. *c.* 82, § 12, 13, and those of the *St.* of 1840, *c.* 87, which are conclusive to the effect that no trial shall be prevented or delayed by the allowance of the exceptions in the common pleas, but the exceptions shall go up with the final judgment of record.

Assuming that the motion to dismiss was the proper method of raising the point, then there is a decision of this court which disposes of the case. In the nearest analogy, that of dismissing writs for want of indorsement, it has been determined that the refusal of the court of common pleas to dismiss, does not bring the case up before this court in

anticipation of final judgment of the court of common pleas. *Piper* v. *Willard*, 6 Pick. 461; *Ely* v. *Ball*, 8 Pick. 351.

Another serious question remains. Does the *St.* of· 1851, apply, in this respect, to actions brought by the commonwealth? There could be no doubt on the analogous point, under preëxisting laws. The Rev. Sts. *c.* 135, § 27, enact that, " when any person, under recognizance in any criminal prosecution, either to appear and answer, or to prosecute an appeal, or to testify in any court, shall fail to perform the condition of such recognizance, his default shall be recorded, and process shall be issued against the persons bound by the recognizance, or such of them as the prosecuting officer shall direct." All which is required is, that the process be directed by the prosecuting officer of the commonwealth. And the provision of the Rev. Sts. *c.* 100, § 28, is explicit, that " every writ of *scire facias* sued out by any private person on a judgment or recognizance, shall be indorsed in the same manner, as prescribed with respect to original writs." Of course, no such indorsement is required on a writ of *scire facias* sued out by the commonwealth. *Scire facias* by the commonwealth is an official act, and obviously not within the mischief contemplated by the particular provision of the *St.* of 1851, which was the commencement of suits without cause, of frivolous actions, which it aimed to prevent. This appears plainly enough by the very language of § 40, in stating the case provided for, which is, " when an attorney shall be employed by the plaintiff." That is not apt language to describe a statute process in the name of the commonwealth, and instituted by its official agent, whether attorney-general, or district attorney.

Indeed, there is much room to doubt whether this particular provision of the *St.* of 1851, that is, § 40, embraces the writ of *scire facias*. It does not mention that writ by name, nor by any terms of necessary legal intendment. It is true, that § 49 enacts, that the allegations in writs of *scire facias* " shall be verified by certificate of the attorney, if any, as in other cases;" but it also enacts that " writs of *scire facias* shall issue as heretofore," and heretofore, as we have seen,

Commonwealth *v.* Stevens.

there was distinction in this respect between *scire facias* by private persons, and *scire facias* by the commonwealth.

Taking all these considerations together, we think the exceptions in this case must be overruled, and tne case remanded to the common pleas.

*Exceptions overruled.*