JOHN ODOM & another *vs.* REUBEN S. DENNY.

Under the Rev. Sts. *c.* 92, §§ 12, 13, and Gen. Sts. *c.* 126, §§ 13, 14, a judgment recovered in another state against joint contractors, one of whom was not served with process and did not appear, is no bar to an action against him in this commonwealth on the original contract.

ACTION OF CONTRACT commenced against Reuben S. Denny and Granville Parker. Parker was not served with process, and the plaintiffs discontinued as to him. The declaration contained a count on a judgment recovered in Virginia on certain promissory notes, and another count on the notes themselves.

The case was submitted to the decision of the superior court upon the following statement of facts : The defendants, before and at the time of making the notes, were engaged as copartners in business in the State of Virginia, of which the plaintiffs and Parker were inhabitants, but in which Denny never resided. After the dissolution of the copartnership, the plaintiffs, with knowledge of the dissolution, brought an action and recovered judgment in Virginia upon the notes against both defendants. In that action, service was made upon Parker, but no property was attached, and no service made upon Denny, or notice

given to him, except by publication in a newspaper under an order of the court. The superior court gave judgment for the plaintiffs on the second count, and Denny appealed.

*D. Foster*, for the plaintiffs.

*F. H. Dewey*, for the defendant.

METCALF, J. The plaintiffs' counsel rightly admit that they cannot maintain against Denny the count on the judgment recovered against him and Parker in Virginia; because he had no such notice of the suit in which that judgment was rendered, as gave to the court which rendered it any jurisdiction of his person. *Bissell* v. *Briggs*, 9 Mass. 462. *Hall* v. *Williams*, 6 Pick. 232. *Ewer* v. *Coffin*, 1 Cush. 23. *Rogers* v. *Coleman*, Hardin, 413. The only question before us therefore is, whether the count on the notes can be maintained. And we are of opinion that it can be.

The Rev. Sts. *c.* 92, §§ 12, 13, and Gen. Sts. *c.* 126, §§ 13, 14, provide, first, that when, in actions on contract brought against several defendants, the writ is duly served on one or more of them, and no legal service is made on the others, the action may proceed against those who are duly served with process; and second, that if a judgment rendered against one or more of several joint contractors shall remain unsatisfied, an action on the same contract may be afterwards maintained against any of the other joint contractors, in like manner as if the contract had been joint and several. The first of these provisions ratified the decisions of the court in *Tappan* v. *Bruen*, 5 Mass. 193, and *Call* v. *Hagger*, 8 Mass. 423. The second rescinded a rule of the common law, which had been applied by the court to the case of *Ward* v. *Johnson*, 13 Mass. 148. And both provisions were held, in *Shirley* v. *Shattuck*, 13 Met. 256, to apply as well to judgments recovered in another state as to judgments recovered in this commonwealth.

In the present case, we can give no legal effect, as it respects Denny, to the judgment in Virginia, and can, at the most, regard it as valid only against Parker, and treat it as if it had been rendered against him alone; or, in the above cited statute language, as " a judgment against one of several joint contractors,"

which, if unsatisfied, leaves the other contractor answerable in an action on the contract. Taking the judgment in Virginia to be valid against Parker, and void, in this commonwealth, as against Denny, this case is clearly within the foregoing statute provisions, and Denny is liable in this action. *A fortiori* is he so liable, if the judgment on which he rests his defence is held to be of no legal force in this commonwealth, either against him or Parker, according to the opinion given in *Hall* v. *Williams*, before referred to.

The case of *Catskill Bank* v. *Hooper*, 5 Gray, 574, does not conflict with this decision. In that case the plaintiffs had sued two persons as partners in New York, and obtained a judgment there, which under the laws of New York, bound their joint property in that state, although one of them was not served with process ; and it was held, that taking such a judgment there, after the commencement of proceedings in insolvency here, against the defendant who was not served with process in New York, precluded proof of the debt against his separate estate in insolvency ; the suit and judgment in New York amounting to a conclusive election to treat the two defendants as partners. *Judgment for the plaintiffs.*