JOHN RAND *& al. versus* CHARLES C. NUTTER.

When, in *indebitatus assumpsit*, it appears that one of several joint defendants resides without the State, so that no service can be made upon him, the plaintiff may discontinue as to him and have judgment against such alone as are within the jurisdiction.

And such judgment, remaining in part unsatisfied, is no bar to a subsequent suit and judgment for a balance of the same cause of action against the remaining defendant, whenever he comes within the jurisdiction.

ON EXCEPTIONS.

INDEBITATUS ASSUMPSIT.

The writ was against " Charles C. Nutter of Boston, Commonwealth of Massachusetts, and George H. Chadwick and William F. Chadwick of Portland." Service was made upon Nutter alone, he having been found within the jurisdiction, and a discontinuance entered as to the other named defendants.

The action was entered in the Superior Court for this county, at the December term, 1868, and, at the February

term, it was tried, without the intervention of a jury, subject to exceptions in matters of law.

The defendant offered in evidence the record of the Superior Court, whereby it appeared that the plaintiffs, on June 29, 1868, commenced an action of *indebitatus assumpsit*, against George F. Chadwick, William F. Chadwick and Charles C. Nutter, returnable to the September term, 1868, of the Superior Court, and that, at the October term, 1868, plaintiffs discontinued as to the other defendants therein, no service having been made on them, and recovered judgment against George H. Chadwick alone. It also appeared that a part of that judgment had been collected.

This action was for the balance of the plaintiffs' account sued in the former action.

Upon the facts, GODDARD, J., of the Superior Court, ruled, as matter of law, that the plaintiffs were entitled to recover in this action the balance sued for, with interest from the date of the writ, and the defendant alleged exceptions.

*W. L. Putnam*, for the defendant.

*J. & E. M. Rand, pro sese.*

APPLETON, C. J.—It appears, from the exceptions, that the plaintiffs, in June, 1868, commenced a suit against Geo. H. Chadwick, Wm. F. Chadwick and Charles C. Nutter, and, at the October term of the Superior Court in this county, obtained judgment against George H. Chadwick, having discontinued as to all save the defendant against whom judgment was rendered.

This suit was commenced against the same defendants for the same cause of action, but the service was made upon Charles C. Nutter alone, a resident of Boston, Mass., he having been found within the jurisdiction of this State. A discontinuance having been entered as to the other defendants, judgment was rendered for the amount due against him, to which he has filed exceptions.

The rule of the common law is well settled that, in case of joint and several liability, the suit may be joint or several. But, when the claim is joint, the action must be against all, who are jointly liable. If a suit is brought against one, the non-joinder of the others may be pleaded in abatement, but, if not so pleaded, the judgment thus obtained may be pleaded in bar to a suit brought against the others. Thus, if two are jointly liable upon a note or other joint liability, a judgment against one is a bar to a suit against the other, the cause of action being merged in the judgment thus obtained. *Ward* v. *Johnson*, 13 Mass., 149; *King* v. *Hoare*, 3 Mees. & Wels., 494. To this rule there are exceptions.

In joint actions, there may be a severance by operation of law, as by bankruptcy, infancy, &c.; in such case, the plaintiff may proceed without joining those having such special discharge. So, where there are several defendants sued on a joint demand, and some are without the jurisdiction and having no property within the same, the plaintiff may cause his writ to be served on those within the State, and proceed against them for a breach of the contract. *Tappen* v. *Bruen*, 5 Mass., 193. If one of two joint promisors, have neither domicil nor property in this State, a separate action may be maintained against the other. *Dennett* v. *Chick*, 2 Greenl., 191. Neither is a judgment in another State against one of two joint promisors, without satisfaction, a bar to an action in this State against the other, upon the joint contract. *Ibid.* When one of two joint contractors is without the State, as appears by the officer's return, so that no service can be made upon him, judgment may be rendered against such of the joint contractors as are found within the jurisdiction, and such judgment, remaining unsatisfied, is no bar to a subsequent suit and judgment against the remaining signer or signers. *Olcott* v. *Little*, 9 N. H., 259; *Burt* v. *Stevens*, 22 N. H., 232.

By the express provisions of R. S., c. 81, § 114, "if any person is out of the State when a cause of action accrues

against him, the action may be commenced within the time
limited therefor, after he comes into the State."

*Exceptions overruled.*

KENT, WALTON, DICKERSON, BARROWS and DANFORTH,
JJ., concurred.