OweN, J.
1. The plaintiff in error maintains that if the proceeding below was one to make him a party to the judgment rendered by the justice of the peace against Reuben, by virtue of section 5366 of the Revised Statutes, it ought not to have prevailed, for that the judgment was rendered upon a note not matured at the commencement of the action, that the three days of grace allowed the makers had not then expired. He relies upon Clinton Bank of Columbus v. Hart, 19 Ohio, 372, to support this position. In that case suit was originally brought by the bank upon a promissory note of which four persons were charged as joint makers. One of them was returned as not found, and the case proceeded against the remaining three. One of them was in default and judgment was entered against him. The other two joined issue, and judgment was entered for them upon the finding that they did not undertake'and promise. Scire facias was afterwards issued against the one not served in the original suit, to which he demurred, and the demurrer was sustained ; the court holding that as no judgment could have been legally rendered against him had he been served in the original suit, he was entitled to the same defense he could have made therein. Upon the peculiar facts of that case, we have mo disposition to question the entire soundness of the conclusion reached. No joint liability was ever incurred upon the note in suit, and so, in legal effect, the court found, although one of the defendants was in default. At the common law, if two or more persons are charged as joint makers of a note, the plaintiff suing upon it cannot recover unless all charged are found to be liable. The defense was radical and substantial. In the case at bar, there is no claim that Jacob was not liable upon the note. He interposed no defense which went to the substantial merits of the claim.
*14 Section 5366, under which the proceeding was had, provides : “ When judgment is rendered in this state on a joint contract or instrument, parties to the action who were not summoned, . . may be made parties thereto by action in the same court, if they be summoned in the state; . . ” The proceeding,' then, was a civil action, and it was to be expected of Jacob, in fact it was incumbent upon him, to interpose as many defenses as he had. His silence upon every subject except the prematurity of the note is an admission of the entire justice of the claim against him. At the time judgment was entered the note had fully matured. There is nothing in the case of Clinton Bank v. Hart, supra, which calls upon us to apply the principle of it to a case wherein the defense is so extremely technical and unsubstantial as in the case at bar.
2. But it is not necessary that we dispose of the case upon the conclusion just announced.
The plaintiff in error further maintains that if the action be treated as one upon the note (and the averments of the petition are broad enough to impart that character to it), the original judgment upon it isa harto further proceedings upon it against him as one of its joint makers. This presents a question more important and difficult than the one just considered.
That a joint obligation creates but one debt, and a judgment upon it, whether against all or part only of the obligors, merges it in the higher security, and operates as a bar to further proceedings upon it is so well established, as a general proposition, as to place it beyond serious controversy. Reedy v. Burgert, 1 Ohio, 160; Sloo v. Lea, 18 Ohio, 279; Clinton Bank v. Hart, 5 Ohio St. 34; Reynolds v. Railway Company, 29 Ohio St. 602; Avery v. Vansickle, 35 Ohio St. 274.
Section 5054 (R. S.) provides that when service has been made upon one or more, but not upon all defendants jointly indebted upon contract, the plaintiff may juoceed against the defendants served unless the court otherwise direct.
While this provision modifies the common law rulé upon the subject, it will be seen, in the light of the cases last cited, *15 that notwithstanding this section, if the plaintiff further pursue the defendants not served, it must be, as a general rule, by an action under section 5366 to make them parties to the judgment already recovered against those served. ,
The question remains, then, whether there is anything in the case that takes it out of the operation of the rule- which merges a joint contract in a judgment upon it against one or more of the parties to it, and thus operates as a bar to further proceedings upon it against those not originally served. The rule, in its general application, is reasonable, and not necessarily one of hardship or injustice. But as it has been shown to be capable of much hardship, the courts have not hesitated, in proper cases, so to qualify it as to avert the harsh or oppressive consequences of its literal and rigid enforcement, where this would lead to a manifest failure of justice. So, where one of several joint contractors was under disability of infancy at the time of contracting, or had thereafter been discharged in bankruptcy, the plaintiff has been allowed to proceed without joining him in the action. Rand v. Nutter, 56 Me. 341. In obedience to this tendency, it was in England provided by statute (3 & 4 William 4, c. 42), “ that no plea in abatement for the non-joinder of any person as co-defendant, shall be allowed in any court of common law, unless it shall be stated in such plea that such person is resident within the jurisdiction of the eourtP
It follows from this that if the joint contractor not joined be without the jurisdiction of the court, the action could proceed against the one served. See Joll v. Curzon, 4 Man. Grr. &_S. 249. The rule is well established, that where one of several joint contractors is without the state, so that no service can be made upon him, judgment may be rendered against such of them as are found within the jurisdiction, and such judgment, remaining unsatisfied, is no bar to a subsequent suit and judgment against those not served upon the original cause of action. Burt v. Stevens, 22 N. H. 232; Dennett v. Chick, 2 Greenl. 193; Brown v. Birdsall, 29 Barb. 549; Bigelow on Estoppel, 71; Freeman on Judgments, § 234; Rand v. Nutter, 56 Me. 341; Tappan v. Bruen, 5 Mass. 193; *16 Olcott v. Little, 9 N. H. 259. In the case last cited, Little was defending on the ground that Slyfield was his joint con-' tractor, and judgment had been rendered against the latter upon the joint contract. The plea to this was that Little was without the jurisdiction of the court at the commencement of the original action.
This case strongly supports the proposition above declared, and Upham, J., spealdng for the court, says it is a well settled rule that “if judgment is obtained against one of two or more persons jointly liable, in a separate action against him on said contract, the plaintiff cannot afterwards proceed against parties omitted, but must lose their security.” The learned judge cites numerous cases in support of the proposition, and adds : “ But these cases are all subject to exceptions, whenever the necessity of the case requires a separate suit to be brought. In the present instance, a sufficient excuse appears for the several character of the action heretofore bi-ought against Slyfield, so as clearly not to manifest an election to proceed against him to the discharge of the present defendant. This excuse arises from the fact that but one of the defendants was within the jurisdiction.”
In Tappan v. Bruen, supra, Parsons, J., says : “ It has been an immemorial practice, in the service of a writ sued on contract against two or more defendants, if some of the defendants are without the jurisdiction of the Commonwealth, and have no usual place of abode within the state at which summons may be left, to cause the writ to be served on the defendants within the state, and proceed only against those-for the breach of the contract by all the defendants. . . . This practice originated from necessity / as no mode of service is provided by our laws upon a debtor without the state, who has no place of abode or property within it.”
A careful examination of the authorities will demonstrate that the principle upon which this rule is grounded is, that if one of several joint contractors is beyond the jurisdiction of the court — out of the reach of its process — this creates a necessity of allowing the action to proceed against those within *17 the jurisdiction, and this without affecting the liability of the former, in order to avert an entire failure of justice.
It is but the application of this principle to the case at bar which leads us to the view we have adopted.
McGovern invoked the action of a court having abundant jurisdiction of his cause. Reuben Yoho, one of the joint makers of the note, was found and served within the jurisdiction of that court. Jacob Yoho, the other joint contractor, was not a resident, nor could he be served, within that jurisdiction. The court was as powerless to send its writ beyond the borders of the county as a court of general jurisdiction would have been to send its writ without the state.
The necessity of proceeding against Reuben, in order to prevent a failure of justice, was as imperative as if the action had been in the court of common pleas, and Jacob a non-resident of, and not to be found within, the state. The suggestion that the sum involved was sufficient to give the latter court jurisdiction, and that McGovern could as well have selected that tribunal, is of no force except to provoke vain discussion. It only appears in the record that Jacob was not within the reach of the process of the court. "Whether he was or not a resident of the state does not appear, and the mere circumstance that the sum involved was sufficient to clothe another court with jurisdiction will not avail to affect the application of the rule.
McGovern has not shown a disposition to elect, voluntarily, to proceed severally against one of his joint obligors. For anything that appears in the record, he did what was in his power to call upon both his joint debtors to answer to his suit. He vainly invoked and exhausted the resources of the court in the pursuit of his remedy against ' both his joint debtors; and there is nothing in reason, justice, or authority which calls upon us to declare his cause of action merged in his judgment, or to hold him barred from proceeding upon it against the joint debtor who was beyond the reach of service in his original action. No question of misjoinder of parties or causes of action was made or considered below or in this court.

Judgment affirmed.