Parsons, C. J.
We are all of opinion that the plaintiff’s motion ought to have been granted in the Court of Common Pleas. The defendants ought not to have opposed it, as the plaintiff was led into the mistake by the fault of the defendants in issuing their notes by a wrong name, which the plaintiff, supposing to be their true name, sued them by it. And we are of opinion that the [*100] plaintiff, under the circumstances of this case, *is not chargeable with loches in not making the motion in the Common Pleas.
But the motion might have been made in this Court at the last term, and by the plaintiff’s delaying to malee it, the defendants have incurred expense. The plaintiff may therefore amend the misnomer in the writ, paying the defendants their costs for attendance, after the first day of the last term, and for their travel and attendance this term.
The Common Pleas probably supposed that they had not power to grant an amendment after demurrer, and before joinder, but on payment of costs or granting a continuance, at the election of the defendants. By the rule the Court are obliged to allow an amend ment, after demurrer, and before joinder, on the terms of the rule • but they are not restrained from granting it on any terms which they may think reasonable and equitable (a).
Afterwards the defendants moved that the writ might be quashed, because it appears from the test of the writ, that it ought by law to have been returned at the then next July term of the Common Pleas, and not at the then next October term, as in fact it was. The writ was tested the 16th of June, 1808, more than fourteen, but not more than thirty days before the next July term.
*75 Parsons, C. J.
If this writ need not have been served more than fourteen days before the return, the motion must prevail; but, if it must have been served thirty days at least before the return, the writ is good.
By the statute of 1783, c. 39. §6., it is provided that in actions against towns, precincts, parishes, villages, or the proprietors of real estate holden in common, the writ shall be served thirty days at least before the return day. This provision is an exception to the statute of 1782, c. 11., which enacts that all original processes sued out of the Common Pleas shall be served fourteen days before the return day. And it is very clear that an incorporated bank is not within the exception.
*But by the statute of 1785, c. 75. <§> 8., a further [*101 ] provision is made, that a writ against any town, or other body corporate, shall be served thirty days before the return day, by leaving a copy with the clerk or some principal inhabitant of the town, or some principal member of the corporation.
The defendants insist that the words in this section ought to be confined to the bodies corporate enumerated in the statute of 1783.
The words other body corporate, in our opinion, include, in this section, all aggregate corporations. No exception is made in the statute, and no reason is assigned that any exception ought to be made by construction, except of sole corporations.
The writ is made returnable on the right day.

 Perkins vs. Burbank, 2 Mass. 83. — Haynes vs. Morgan, 3 Mass 208 -Holbrook vs Pratt, 1 Mass. 96.