## HILLSBOROUGH, OCTOBER TERM, 1824.

~~~~

### JAMES JONES *vs.* JOHN SMITH.

Where a sheriff returned upon an original writ, that he had attached land, but, the defendant living out of his precinct, he had not notified him; and the action was entered, and after two continuances, the plaintiff took judgment by default, and filed a bond, as directed by the 17th section of the statute of February 9th, 1791. It was held, that the judgment was erroneous, whether the defendant was within or out of the state at the time the writ was served.

In all cases, where any estate real or personal is attached, there must be a service upon the defendant, in some way prescribed by the statute.

THIS was a writ of error, brought to reverse a judgment of this court, rendered here at April term, 1822, in favor of *Smith* against *Jones,* for $262,29 damage, and $14,34 costs of suit.

It appeared by the record, that the original writ was tested the 14th August, 1820, and the sheriff's return upon it was as follows :—

"Hillsborough, August 19, 1820. By virtue of this writ, "I have attached a farm situate in Goffstown, &c., bounded, "&c., and at the same time left with the town clerk of said "Goffstown a true and attested copy, &c.; but the defend- "ant living out of my precinct, I have not notified him.

<div align="right">P. P. <em>Deputy Sheriff.</em>"</div>

The cause was entered in the Common Pleas here, September term, 1820, and was by statute transferred to this court, and entered here April term, 1821, and continued to April term, 1822; when judgment was rendered upon default, a bond being filed by *Smith,* according to the 17th section of the statute of Feburary 9th, 1791.

*Atherton,* for the plaintiff in error.

Writs must here be served, according to the statute laws of the state. The first enquiry then is, what is the statute law of the state, in relation to the service of writs of attachment? The methods of service, where property is attached, prescribed by the statute, are, that a summons shall be delivered to the defendant, or left at his dwelling-house, or last and usual place of abode; or in case he be not resident in the state, and the writ be not served on him in person, that an attested copy of the writ, and a description of the property attached, shall be given to him, or left at his last and usual place of abode, or with his agent, or with his tenant. *N. H. Laws, p.* 101; *sec.* 8. These are the only modes pointed out by the statute, in which writs of attachment can be served. This writ was not served in any of these ways. It is, then, to every legal purpose, an unserved writ, and cannot sustain a judgment. It purports, indeed, to have property attached on it; but this is ineffectual, for the attachment does not constitute the service, but requires a service to support it.

The 17th sec. of the same act (*N. H. Laws, p.* 104,) gives no new mode of serving a writ. It does not extend the rights of the plaintiff in this respect. Its object is to protect the defendant under some of the modes of service prescribed above, by requiring evidence of notice before judgment, or the giving by the plaintiff of security to respond, in case of a reversal of his judgment. Neither this notice, nor this security, will cure a defect of service. They relate to served

writs ; and if the writ be not served, they are of no use to support the plaintiff's judgment.

It can be of no avail to suppose possible cases, in which it would be difficult, if not impracticable, for the plaintiff to have his writ served. If there be *casus omissus*, it is the fault of the law, not of the administration of it.

The laws of but very few states give to the creditor the right of securing the property of his debtor on mesne process. It cannot then be strange, nor a very great hardship, if, here, in some possible case, it cannot be done.

*Edmund Parker*, for the defendant in error.

The error assigned is want of notice to the plaintiff in error of the pendency of the original suit. It appears by the return, that the officer, who made the attachment, left a copy of the writ, and of his return, with the town clerk of Goffstown. But it is stated, that "the defendant living out "of his precinct," he did not notify him. It does not appear by the record, that the original defendant had notice of the suit before judgment. It is not pretended on the part of the defendant in error, that any copy of the writ was given to the tenant of *Jones*, or left on the farm, or given to his agent or attorney. Nor was any such copy given to him personally, nor left at his place of abode out of this state. If, under the circumstances, any one of these things was essentially necessary, we admit that the judgment is erroneous. But it is contended that none of them were, under the circumstances, necessary.

The statute of February 9, 1791, sec. 8, enacts, that "in "case the defendant, at the time of the service of any writ, "be not an inhabitant or resident in this state, and the writ "be not served on him in person, but the defendant's goods or "estate in this state are attached, then an attested copy of "the writ, and a particular description of the lands or goods "attached thereby, shall be given to the defendant, or left "at his last and usual place of abode." On a construction of this clause in the statute, requiring an exact compliance with its provisions, the plaintiff in error founds his hopes of success in this case. After taking such steps as rendered it impossible to comply with the letter of the law, as he in fact

Jones
*vs.*
Smith.

did ; after absconding, without leaving any agent or attorney, and keeping the place of his abode a profound secret, he now objects, that the defendant in error ought to have given him personal notice, or left a copy of the writ at his last and usual place of abode.

It is thought, that the court cannot doubt that "last and "usual place of abode," in this clause of the statute, means "*usual place of abode*" in the state where he resides ; because provision is made that the copy of the writ may be left by an officer in the state, where the defendant lives. In the second clause of the eighth section of the statute, the same words mean "place of abode" in this state. But in the fourth clause it is clearly different. If then it be necessary to comply strictly with the requisitions of this section in the statute, no judgment, that would not be erroneous, could be rendered, in case the defendant chose to go out of the state, and keep himself concealed. By his own act, he renders a compliance with the law impossible. Such was the situation of the original action in this case. A copy of the writ could not be given to *Jones* in that action, for he had absconded, and kept himself concealed. It could not be left at his last and usual place of abode in the state where he lived, for he took care that it should not be known here, where he did live. It could not be left with his agent or attorney, for he had none ; nor had he any tenant, with whom it could be left.

What then was to be done ? Could no judgment except an erroneous judgment be obtained against him ? Has the law left it in the power of a dishonest absconding debtor thus to keep his creditors out of their just dues ? We think, that in the seventeenth section of the same statute, provision is made for this difficulty. It is there enacted, that where a suit shall be brought against a person, who is not an inhabitant or resident in this state, and no personal service be made on the defendant, the justices of the court where the suit is brought shall continue the action, and that after two continuances the action may be defaulted, and, on filing a bond, the plaintiff may have execution. This section goes upon the ground, that the notice, required to be given in the fourth clause of the eighth section, has not been given, and provides a remedy. The de-

Jones
*vs.*
Smith.

fendant in error pursued this cousre. His action was continued three times—was then defaulted—a bond was filed, and an execution issued. The plaintiff in error had a right to review that action, when he brought this writ of error. We therefore submit it to the court, that there is no error in the judgment.

RICHARDSON, C. J. delivered the opinion of the court.

The question to be decided in this case is, whether the original writ was so served as to warrant the rendition of a judgment against the plaintiff in error? The decision of this question depends upon the construction to be given to the statute of February 9, 1791, entitled, " an act regulating " process and trials in civil causes." The eighth section of that statute provides, that " when the goods or estate of any " person shall be attached, &c. a summons, &c. shall be de-" livered to the party, whose goods or estate are attached, " or left at his or her dwelling house, or last and usual place " of abode," &c.

" And in case the defendant, at the time of the service of " any writ, be not an inhabitant or resident in this state, and " the writ be not served on him in person, but the defend-" ant's goods, or estate, &c., are attached, then an attested " copy of the writ, and a particular description of the lands, " or goods attached thereby, shall be given to the defendant, " or left at his last and usual place of abode, &c., or such " copy may be left with the defendant's agent, lawfully au-" thorized to appear for him, or with the defendant's tenant " living on or near the land attached."

And the 17th section of the act provides, " that when a " suit shall be brought against a person, who is not an inhab-" itant or resident in this state, and no personal service " be made on the defendant, or when the person, against " whom any suit is brought, shall be absent from this state, " at the time of commencing such suit, and shall not have " returned at the time appointed for trial, the justices of the " court, before whom such suit is, shall continue the action " to the next term ; and if the defendant doth not appear at " the next term, &c., the court shall further continue the " action to the next term, unless the plaintiff shall produce

" evidence, &c., that the defendant hath had notice of " the suit, &c. And in such cases, where judgment is en- " tered up by default after two continuances, as aforesaid, " and notice proved as aforesaid, the proof of which notice " shall always be in writing, and filed in the cause, execu- " tion, &c., shall not issue until the plaintiff, &c., shall have " given bond in double the value of the estate, or sum re- " covered by such judgment, to respond the judgment, that " may be rendered on actions of review brought to reverse " such original judgment."

The language of these provisions in the statute is extreme- ly plain, and seems hardly to admit a doubt as to their true meaning.

When the goods or estate of a person, who has his domicil, and actual residence, in the state, are attached, a summons must be given to him, or left at his domicil ; and this will be a sufficient service of the writ.

When the goods or estate of a person, not an inhabitant or resident in this state, are attached, an attested copy of the writ, and a particular description of the land or goods attached are to be given to the defendant, or left at his usual place of abode, and this certified by the officer, who made the attach- ment, or by some proper officer in the state, where the de- fendant lives, or by some other person, and affidavit thereof made, will be a sufficient service of the writ. And if the defendant have an agent authorized to appear for him, or a tenant living on or near the land attached, the copy may be left with such agent or tenant.

When the goods or estate of a person, who has his domicil in this state, but who may, at the time, be absent from the state, are attached, a summons must be left at his domicil.

In all cases, where an attachment is made. there must be a service, in pursuance of these provisions in the statute.

But it is very apparent, that such a service might, in some cases, fail to bring home to the defendant, notice of the suit ; it is, therefore, provided in the 17th section, that when the suit is against a person, not an inhabitant of this state, and no personal service is made upon the defendant ; or when the defendant is absent from the state, when the suit is com-

Jones
*vs.*
Smith.

menced, and does not return before the time appointed for trial, the court shall continue the cause ; and if the defendant do not appear at the next term, the cause is to be further continued, unless the plaintiff produces evidence to satisfy the court, that the defendant has had notice. If the defendant fail to appear at the third term, he may be defaulted ; but no execution is, in such case, to issue, unless a bond is given, as required by the statute. If, however, the plaintiff will consent to have the cause continued six terms, he may thus have judgment by default, and execution may issue without a bond.

Such seems to us to be the meaning of this statute. But, it has been urged in behalf of the defendant in error, that, if this be the true construction of the statute, no judgment can be rendered here against a debtor, who absconds, leaving no agent, or tenant, and goes to parts unknown to his creditors. We are aware of this ; yet, still we cannot believe, that it could have been the intention of the legislature, that a judgment rendered against a party, without notice, and without any attempt to give notice, should bind him conclusively, unless the action should be reviewed within one year after the rendition of such judgment. We are of opinion, that the object of the 17th section of the statute was not to provide a mode of taking judgment without a service of the writ upon the defendant ; but to delay the rendition of judgment, in cases where there is no personal service of the writ upon him, until notice of the suit, through the other modes of serving the writ, which are provided by the statute, may probably reach him. This construction is so just and reasonable, that we cannot entertain a doubt, that it is the true construction.

Upon looking into the record now before us, we perceive, that the land of the plaintiff in error was attached by virtue of an original writ ; but it does not appear, that there was any other service whatever of that writ, nor that the plaintiff in error had any notice of the suit. Whether the plaintiff in error then was within, or out of the state, at the time the original writ issued, it was not served in the manner the statute requires ; and the judgment which has been rendered in the suit is erroneous, and must be reversed.

*Judgment reversed.*