*Writ of review abated.*

## JEREMIAH TILTON *versus* ISAAC PARKER and another.

It is competent to the court in its discretion to quash a writ upon motion for a defect of service, or put the defendant to plead the matter in abatement.

Where there were two defendants in review, one of whom was supposed both in the original writ and in the writ of review to be an inhabitant of a town in this state, it was held that a service of the writ of review upon their attorney who had appeared in the cause was insufficient.

And if at the time of such service both the defendants were in fact inhabitants of another state, it was held that affidavits showing that fact, could not cure the defect of service ; but might furnish a ground for leave to amend the writ of review in such manner as to make the service good.

THIS was a writ of review tested the 12th April, 1826, in which the defendants in review were described as follows : " Isaac Parker of Boston in the county of Suffolk and commonwealth of Massachusetts, and Jonas M. Melville of Jaffrey in our county of Cheshire, merchants and late partners in trade under the name and firm of Isaac Parker and company."

The sheriff's return of the service of the writ was as follows :

" Merrimack, ss. July 7, 1826. I have this day served the within precept on the within named defendants by reading this precept in the presence and hearing of

Parker Noyes, Esquire, their attorney, to appear at the within mentioned court at the within mentioned time and for the purpose within mentioned.

S. C., *D. Sheriff.*

The defendants moved the court to dismiss the action for defect of service of the writ of review.

*Atkinson,* for the plaintiff, offered to prove by affidavit that at the time of the service Melville had removed from Jaffrey to Boston in Massachusetts.

*Mason* and *Nesmith,* for the defendants.

RICHARDSON, C. J.   We have attentively considered the motion, which has been made in this case, and shall now proceed to express the opinion we have formed.

It is very clear that these defendants cannot be held against their will to answer to this writ, unless a legal service has been made upon both, or a sufficient reason shown in the officer's return, why such a service has not been made.   5 Mass. Rep. 193, *Tappan* v. *Bruen.*

And we entertain no doubt that it is competent to the court in its discretion to quash the writ on motion for defect of service, or to put the defendants to plead the matter in abatement.   5 Mass. Rep. 100, *Bullard* v. *The Nantucket Bank* ; 10 Mass. Rep. 343, *Tingley* v. *Bateman* ; 8 Mass. Rep. 423, *Call* v. *Hagger* ; 3 ditto 223, *Andrews* v. *Bosworth* ; 5 Mass. Rep. 100.

The defendant, Parker, is stated in the writ of review to be of Boston in Massachusetts, and it is provided by the statute of February 9, 1791, sec. 14, "that where any party shall be desirous of reviewing any action and the other party shall not be an inhabitant of this state, the writ may be served upon the agent or attorney, who indorsed the original writ, if such absent party was originally plaintiff ; or in case such party was originally defendant then on the attorney who appeared for said defendant at the trial, &c. or shall cause a copy of the review to be served on the adverse party, though out of the state and affidavit thereof made."   1 N. H. Laws 103.

It is therefore apparent that a legal service of the writ so far as respects Parker under this statute is returned by the officer.

But the defendant, Melville, is stated in the writ of review to be of Jaffrey in this state ; and if this supposal of the writ be true, the statute above mentioned has no application to his case, and the service is with respect to him altogether defective. The writ should have been served upon him personally, or a copy of it should have been left at his usual place of abode. And we are clearly of opinion, that no defect in the writ or in the return can be supplied by affidavit. Melville must therefore be now considered as an inhabitant of Jaffrey. If he had in fact removed to Boston before the service was made, the writ should have been altered and have described him as late of Jaffrey, but then of Boston, and the service which is now returned, would in that case have been sufficient. But as the writ now stands the service is clearly defective.

This defect may however be now cured by an amendment of the writ in this respect, and the case of *Hearsey* v. *Bradbury*, 9 Mass. Rep. 95, is in principle an authority showing that leave to make such an amendment may with propriety be granted. But if the plaintiff make this amendment it must be upon terms that he pay the costs of the two last terms and the defendants be at liberty to plead in abatement of the writ, if they choose, that Melville was at the time of the service of the writ an inhabitant of this state.

*Writ quashed.*