#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF STRAFFORD, AUGUST TERM,

### A. D. 1830.

## S. M. MORSE and another *versus* C. CALLEY.

The court will not, upon a statement of facts without plea, decide, whether the matter stated is sufficient to abate the writ.

The question, whether the person, who, in fact, exercises the office of a deputy sheriff, is *de jure* such, is not to be settled in an action, to which he is not a party.

THIS was an action of assumpsit, and was submitted to the decision of the court upon the following facts.

The writ in this case was served by one Tobias Ricker, who had a general deputation under the hand and seal of the sheriff of this county, who had taken and subscribed the oath of office, and who had caused the said deputation to be recorded. Ricker was stated in the deputation to be of Parsonsfield, in the county of York, and State of Maine, where he has always resided, and had his home, and has at no time been an inhabitant of this county.

It was agreed, that if Ricker could, by virtue of said deputation, legally serve and return said writ, the defendant should be defaulted, otherwise the plaintiff to be nonsuit.

*Christie*, for the plaintiff.

*Hobbs*, for the defendant.

*By the court.* The question intended to be submitted to our decision in this case, cannot be decided in this shape. All defects in the service of a writ, which are not apparent on the face of the record, are cured by an appearance, unless exception is taken to the service by a regular plea in abatement. 4 N. H. Rep. 142, *Tilton* v. *Parker.*

The manner in which the question, intended to be raised in this case, is brought before us is altogether irregular. It does not appear, that any plea in abatement has been filed in the case, and we are of opinion that we cannot be called upon to decide, whether the matter stated in a case agreed, would, if regularly pleaded, be sufficient to abate a writ.

There is another objection to the decision of the question, intended to be raised, in this case. The writ was served by a person, *de facto*, exercising the office of a deputy sheriff in this county, and the question whether he was *de jure* a deputy sheriff, cannot be settled in a cause to which he is not a party. 3 N. H. Rep. 413 ; 9 Mass. Rep. 231.