## LISBON *vs.* BOW.

Where on trial a verdict is rendered, subject to exceptions in a case stated, new exceptions, on account of the omission of testimony, are inadmissible. The case will be regarded as subject only to the exceptions originally raised.

The acts of a special deputy sheriff are valid, so far as the rights of third persons are concerned, notwithstanding no evidence is offered of his having taken the oath of office, he being an officer *de facto.*

ASSUMPSIT, for the support of Fanny Hall, wife of Enoch Hall, and Moses and Mary Ann, children of Enoch and Fanny Hall, from the first of April to the 25th of June, 1835, and was tried upon the general issue.

The plaintiff proved that Enoch Hall was the son of Nataniel Hall, and that in 1809 Nathaniel Hall had his settlement in Bow ; and no evidence was offered to show that Nathaniel or Enoch had any settlement elsewhere.

It was proved that Fanny was the wife of Enoch, and that Moses and Mary Ann were their children—that the wife and children were residing in Lisbon, and in need of relief, as alleged in the declaration, and that they were supported by the plaintiff, and had no relations of ability to maintain them.

The plaintiff offered in evidence a notice to the selectmen of Bow, on the back of which was a special deputation, under the hand and seal of the sheriff, appointing Perkins Gale to serve said notice. But it did not appear, from said deputation or by other testimony, that Gale had been sworn.

The persons signing the notice were at the time selectmen and overseers of the poor of Lisbon.

Upon these facts a verdict was taken, by consent, for the plaintiff—subject to be affirmed and judgment rendered upon it, or to be set aside, as the court shall order.

*Bartlett*, for the defendant, contended, 1. That it did not appear from the case that Enoch Hall resided with his father at Bow, or had his father's settlement there, and that this must be shown affirmatively, before the plaintiff could recover.

2. That the service of the notice on the town of Bow was by an officer not qualified to act, and was, therefore, void ; no evidence having been offered of his being sworn, as required by the constitution and laws of the state. *Laws N. H.* 528.

*Goodall & Woods*, for the plaintiff, contended, 1. That the ground first relied upon by the defendant was not taken on the trial, and that it was now too late to raise the exception. 2. That the service of the notice was good as between third persons, having been made by an officer *de facto.*   7 *Johns. R.* 549, *The People* vs. *Collins ;* 9 *Ditto* 135, *McInstry* vs. *Tanner ;* 15 *Mass. R.* 180, *Bucknam* vs. *Ruggles ;* 9 *Ditto* 231, *Fowler* vs. *Bebee.*

UPHAM, J.   The paupers in this case, to whom assistance was rendered, were the wife and children of Enoch Hall.

It appeared in evidence that Nathaniel Hall, the father of Enoch Hall, had his settlement in Bow in 1809, and there was no evidence to show that either of the said Halls had any settlement elsewhere.   The case, however, does not find that Enoch Hall was a member of the family during his father's residence in Bow, or that he had his father's settlement there ; but no exception was taken at the trial for this cause.

The case comes up here on entirely different grounds, and it is too late to take the exception at this time.   For aught that appears, the omission in the evidence was merely casual, and might readily have been supplied at the trial.

The sole question reserved for decision in this case is, as to the sufficiency of the service of notice on the defendant, which was made by an officer especially deputed for this purpose, on the back of the notice, without evidence of his being under oath ; and the question arising under these facts is, whether the individual serving the notice was an officer *de facto,* so that his return would be good betwixt these parties.

Lisbon *v.* Bow.

We have decisions in this state sanctioning the acts of deputy sheriffs *de facto*, both under general and special deputations. Such are the cases of *Moore* vs. *Graves*, 3 *N. H. Rep.* 408, and *Morse* vs. *Calley*, 5 *N. H. Rep.* 222. And the authorities on this subject are fully collected in the case of *Tucker* vs. *Aiken*, 7 *N. H. Rep.* 134.

An officer *de facto* has usually the form of appointment, or a certificate of an election, but has not complied with some pre-requisite to the discharge of the duties of his office ; or he may labor under some disability to hold office, within the requirements either of the constitution or the statute ; or the appointing or electing power may have been either not duly constituted, or duly organized. In either of these cases the acts of an officer will be sustained as an officer *de facto*, except in cases betwixt the officer and those directly affected by his acts.

The third section of the statute prescribing the duty and regulating the office of sheriff, provides, that " every sheriff shall have power to appoint so many deputies as he shall think proper, by deputation in writing, under his hand and seal, and not otherwise ; and every such deputy sheriff shall be sworn to the faithful discharge of the duties of his office, before some justice of the peace, who shall certify the same upon such deputation ; and the said deputation and certificate shall be recorded at length in a book to be kept for that purpose, by the clerk of the court of common pleas for the county, whose duty it shall be to record the same, upon request and payment or tender of twenty-five cents ; and no act of a deputy sheriff, as such, *shall be valid* until his deputation, and the certificate thereon, shall have been recorded as aforesaid : *Provided, however*, that a service and return of any legal precept may be made by any person, by virtue of a special deputation endorsed on such precept, in such manner as has been heretofore in practice in this state." 1 *Laws N. H.* 528.

Whether it is ever necessary to show a person exercising

the office of deputy sheriff under an appointment apparently valid, to be a deputy *de jure*, unless the deputy, or the sheriff who is responsible for his acts, is a party to the cause, is a question which it is not necessary to discuss at the present time. The language of the statute, so far as it relates to general deputies, is very broad ; but a construction seems to have been given to it in Morse *vs.* Calley placing them within the general principle applicable to other officers acting under appointments or elections apparently valid.

This case, however, comes within the proviso which gives the power to make a special deputation " by endorsement on the precept, in the same manner as has been heretofore practised in this state." Nothing is said requiring the officer appointed under this proviso to be under oath, or that his acts, without such oath, shall not be valid. It requires merely that the deputation shall be endorsed on the precept ; and the oath is no part of the deputation. It is an additional requisite, proof of which, or notice of which, may be given in a variety of ways. Indeed, no oath is required to be taken, by the proviso ; and the obligation to take such oath depends solely on the general provision relative to all civil officers.

If this be so, then the provision of the statute is merely directory upon him. It constitutes no essential part of the appointment ; and the individual deputed will be regarded as an officer *de facto*, whether under oath or not. The authorities are clear in such case, and are all collected, as before remarked, in the case of *Tucker* vs. *Aiken*, 7 *N. H. Rep.* 134 ; *see, also,* 3 *Barn. & Ald.* 266, *Prop. Margate Pier* vs. *Hannam.*

Such is the construction which, after much deliberation, we have given to this proviso—that an officer appointed by special deputation is not required by the proviso to be under oath—that this is left to the general provision of the constitution ; and, of course, that a certificate of the oath need not be on the precept—that the deputation required to be upon the back of the precept is merely the appointment made by

Lisbon *v.* Bow.

the officer—and that, whether under oath or not, an individual, specially deputed, as betwixt third persons is an officer *de facto*.

The service of notice, then, in this case, as betwixt these parties, must be considered as legally made. The exception, therefore, which has been taken, does not prevail, and there must be

*Judgment on the verdict for the plaintiff.*