## MERRILL & a. *vs.* PALMER.

A person specially deputed under the hand and seal of the sheriff of the county, is an officer *de facto*.

The validity of the acts of an officer *de facto* can only be enquired into in a suit to which he is a party.

A writ will not be abated because the officer who served it has not taken the oath of office.

ASSUMPSIT. The action was commenced by a writ of attachment. After enroling the writ, declaration, and officer's return, the defendant pleaded in abatement of the writ that the officer who served and returned the writ, was not, before the service and return, sworn to the faithful discharge of the duties of his office.

Upon examination of the writ and officer's return thus enroled, it appeared that the officer, in the service of the writ, acted by virtue of a special deputation under the hand and seal of the sheriff of the county indorsed upon the back of the writ.

The plaintiffs demurred generally.

*W. C. Thompson,* for the plaintiffs.

*Quincy,* for the defendant.

Merrill *v.* Palmer.

Woods, J.   The matter of the plea in this case is insufficient to abate the writ.   Hadley, who served the writ, was specially authorized for that purpose by virtue of a deputation under the hand and seal of the sheriff of the county in which the service was made.

The exception taken to the sufficiency of the service is based upon the alleged want of legal authority for that purpose in the deputy, for the reason that he had not taken the usual official oath for the faithful discharge of the duties of his office.

But being commissioned by the sheriff, he acted under color of office.   He was an officer *de facto*, and that was sufficient.   Whether he was also an officer *de jure*, was a question which could not be inquired into between these parties.   The fact that he was an officer *de facto* was conclusive evidence of the legality of the authority under which he assumed to act, as between third persons.   The question of its legality would be open, and could only be made upon an issue to which the officer was a party.

The authorities upon the question under consideration are uniform and conclusive.   *Moore* vs. *Graves*, 3 *N. H. Rep.* 408 ; *Morse* vs. *Calley*, 5 *N. H. Rep.* 222 ; *Tucker* vs. *Aikin*, 7 *Ditto* 118 ; *Lisbon* vs. *Bow*, 10 *Ditto* 167 ; 9 *Mass. R.* 231 ; 15 *Mass. R.* 180.

The judgment of the court, therefore, is that the plea is insufficient to abate the writ, and that the defendant must answer further.