HECKER (FOWLER v.).   See Case No. 5,-001.

HECKER (RUMFORD CHEMICAL WORKS v.).   See Cases Nos. 12,131–12,-134.

## Case No. 6,316.

### HECKSCHER v. BINNEY.

[3 Woodb. & M. 333.][1]

### Circuit Court, D. Massachusetts. Oct. Term, 1847.

JURISDICTION — DECLARATION IN ASSUMPSIT — PROMISSORY NOTE—PAROL EVIDENCE—RECOVERY ON MONEY COUNTS.

1. Where a company to dig and sell coal was incorporated in the state of Pennsylvania, and sold coal in Massachusetts by its agents, Thwing & Co., to the defendant, a citizen of this state, and Thwing & Co. took a promissory note for the price, running to them "as agents" for the company, or order, and then indorsed it to the plaintiff, a citizen of New York and president of the company, the case, on the face of the record, having money counts, as well us a special count on the note, gives jurisdiction to this court. This collateral parol evidence of the above facts, in addition to the note, is competent, as it does not contradict, but merely explains the note and the transaction, and in any view it is competent under the money counts.

2. The corporation having been chartered in another state, and all its members residing out of this state, could recover here on the money counts, or on the note as it stood before indorsed, and hence they can probably recover on those counts for the original consideration in the name of the plaintiff, if an amendment was made adding that he sues in their behalf, and as their president.

3. But such a recovery could not be had on the special count on the note, by him as indorsee, without averring in the declaration, also, that the note was payable to the Thwings, as their agents, and that they could have sued in this count without any assignment of the note.

4. Again, there seems to be no valid objection to a recovery by the plaintiff in this case, on the money counts, as the declaration now stands without amendment, the note being proof of money had in favor of an indorsee, as well as payee, and this court having had jurisdiction over it originally, as payable to the agents of the coal company, and hence recoverable in their names in this court without an assignment, they belonging to another state.

[Cited in Lee v. Luther, Case No. 8,196; Milledollar v. Bell, Id. 9,549.]

· This was an action of assumpsit in several counts, describing the plaintiff as a citizen of New York, and the defendant as a citizen of Massachusetts. One was a special count in the usual form, as indorsee of a promissory note given to Thwing & Co., or order, and by them indorsed to him, without any averments as to their residence. The other counts were for money had and received,

1 [Reported by Charles L. Woodbury, Esq., and George Minot. Esq.]

goods sold, &c. A note was offered in evidence, a copy of which is annexed, accompanied by a statement of facts to be considered, if they are competent evidence.

### (Copy of Note.)

Boston, September 18, 1846. Value received, I promise to pay Messrs. S. C. Thwing & Co., agents For. Impt. Co., or order, seven hundred fifty-eight 67-100 dollars in four months.

$758.67.                    C. J. F. Binney.

### (Indorsed.)

Pay to Charles A. Heckscher, Esq., president Forest Improvement Company.

S. C. Thwing & Co., Agents in Boston.

District Massachusetts. U. S. Circuit Court, May Term, 1847. Charles A. Heckscher v. Charles J. F. Binney. Facts Agreed: The plaintiff is a citizen of the state of New York. Defendant is a citizen of Massachusetts. Messrs. S. C. Thwing & Co. are citizens of Massachusetts, and are the agents of the Forest Improvement Company, a corporation established by the legislature of Pennsylvania, for selling their coal in Boston. The plaintiff is the president of the company, and some of the stockholders of the corporation are citizens of Massachusetts. The note was given for coal belonging to the corporation, and for sole account and risk of the corporation. Notes are taken in New York, payable to the plaintiff as president, and in Boston to S. C. Thwing & Co. as agents, and are collected here or transmitted to the president in New York. Thwing & Co. never had any interest in the note declared on. This note was duly indorsed and laid over at bank in Boston, and was put in suit in pursuance of general instructions of the plaintiff. S. C. Thwing.

Suffolk, ss., June 19, 1847.

Sworn to before me.

### (Indorsed.)

Facts agreed. (If the facts are competent testimony by parol evidence.)

D. A. Simmons, for plaintiff.
William Brigham, for defendant.

WOODBURY, Circuit Justice. As this case is submitted without argument, I am left to conjecture what are the real questions in issue between the parties, unless it be the competency of the testimony proposed to be given by parol. Whether all these facts are admissible evidence or not, under the special count on the note, may be a matter for argument, but that they are competent under the other counts, is undoubted. They show a delivery of property belonging to the corporation, of which the plaintiff is president, the receipt of it by the defendant, and his promise, as well as duty, to pay for the same. The note, also, is admissible evidence under the money counts, no less than under the special count, and shows the right of the cor-

poration, in one view, and in the name of the plaintiff, perhaps, to recover, and in another view, which will in the end be considered, his right in his private capacity to recover. See cases cited in Brown v. Noyes [Case No. 2,023].

The first question, after the admission of the evidence, is, whether it contains facts defeating our jurisdiction. The right just named would give jurisdiction to this court over the matter in behalf of the corporation, under the general counts, if proper averments are made, as the corporation exists by the laws of another state, and all its members, including its president, reside elsewhere, and the defendant is a citizen of Massachusetts. Louisville R. Co. v. Letson, 2 How. [43 U. S.] 497, reviewing [Bank of U. S. v. Deveaux] 5 Cranch [9 U. S.] 84, and [Commercial & Rail Road Bank of Vicksburg v. Slocomb] 14 Pet. [39 U. S.] 60. In this view the action would be considered direct on the original consideration which arose between a corporation having its members and charter belonging to another state, on the one hand, and a citizen of this commonwealth on the other hand. The jurisdiction in such a view is clear, and is one daily exercised.

But there is in this aspect of the case one remaining question, and that is, whether a corporation or its agent can, as here, institute a suit on the general counts in the name of its president, for the original consideration. Because we cannot now consider the plaintiff as prosecuting to recover the note on the special count as indorsee. No averment is made that the note could originally have been sued in this court without an assignment, and such an averment is necessary to give jurisdiction under that count claiming through an assignment, since the judiciary act forbids a recovery here in such a case, unless we had jurisdiction over the demand as it stood originally in the name of the promisee. 1 Stat. 79; Towne v. Smith [Case No. 14,115]; Brown v. Noyes [supra]. In settling this question of jurisdiction, we must look to the law of congress for power, and not to state laws. But after getting jurisdiction, then we must often look to state laws for the rule of decision. [The Orleans v. Phoebus] 11 Pet. [36 U. S.] 175; U. S. v. New Bedford Bridge [Case No. 15,867]. In deciding whether the plaintiffs can recover on the general count for money due to the corporation, and thus obviating the difficulty as to our jurisdiction, it is to be noticed, in the first place, that this action is instituted in the name of Charles A. Heckscher, and not of the corporation, and that no averment is made that he sues in behalf of the corporation. Perhaps it would not be a fatal objection in ordinary actions in behalf of monied corporations, to have them prosecuted in the name of their president. It depends somewhat on the provisions in the charter itself. It is not unusual for banking corporations thus to sue,

as in the case of the old United States Bank it was "the president and directors" who sued. [Bank of U. S. v. Deveaux] 5 Cranch [9 U. S.] 62. In 2 Strange, 1238, it is "the mayor, etc., of Northampton," and in 2 W. Bl. 1116, it is "the mayor of Norwich," and in 6 East, 438, it is the bailiff's burgesses, etc., of Tewksbury. Sometimes it is by "the master and recorder." 1 Perry & D. 235. Sometimes the suit is by or against the "treasurer." See Hull v. Treasurer of Richmond [Case No. 6,861]; 5 Coke, 63; 1 Wils. 235; 3 Burrows, 1847. And at times there is an express provision in the charter that suits may be by or against "the secretary," or certain members or "directors," or the "treasurer." Rex v. St. Katharine Dock Co., 1 Nev. & Man. 121; 4 Mees. & W. 510; 1 Chit. Pl. 15; 7 Dowl. 28; 1 Horn. & H. 410; Watts v. Scott, 1 Dev. 291. Sometimes the suit is in the name of the governor of a state for the state. McNutt v. Bland, 2 How. [43 U. S.] 19. See more cases in Ang. & A. Corp. 580. This is not one of those instances of a defective description of a corporation in the writ, which is asked to be cured, but an entire omission of an allegation, that the suit is for the corporation in the name of its president. The cases of a defective description of a corporation may be seen in 10 Mass. 360; 1 Bos. & P. 40; 1 Chit. Pl. 286; 1 Barn. & Ald. 699; 13 Johns. 38; 7 Mass. 444; 3 Salk. 103; Kyd, Corp. 281. Taking it as probable that this corporation might sue by its president, yet I have no doubt that it would be proper to aver specially that he prosecutes in behalf of the corporation, when such is the fact, as that seems necessary, in order to show he does not count on a private right, and seems necessary to connect him with the original consideration belonging to the corporation, or with obligations running to the corporation, rather than to himself individually or in his private capacity. 11 Mass. 338; 5 Mass. 99.

In this case, therefore, as it would appear in point of fact, that the action for the original consideration was now brought by the plaintiff on a corporate right, and as president of the corporation, and as he cannot recover for the original consideration, except as president, and on that right, it follows that an action cannot be sustained, as the declaration now stands, on the general counts for the original consideration, without an averment of those additional facts of his suing for the corporation, or some others, which would confer jurisdiction. But as this averment, if introduced, would be made in conformity with the truth of the case, and not to give jurisdiction, I see no impropriety in allowing it to be now made by way of amendment, if the difficulty could not be otherwise overcome. This would prevent the suit from failing on account of a defect in form, as seems to be our duty under the statute of jeofails (4). Davis v. Garland, 4 How. [45 U. S.] 131. But as such an amend-

ment would be late in the cause, it should be on terms of no cost to the plaintiff, since the case was made up and the objection raised. See 5 Mass. 99; 11 Mass. 338. All the amendment necessary in this view, would be to add, after the description of the plaintiff in the writ, "And president of the Forest Improvement Company of Pennsylvania, in whose behalf this action is brought." Also, after "indebted to the plaintiff," add "in his said capacity." There is, however, one other view of the subject, in which a recovery might, I think, be sustained without any amendment. It would be by the plaintiff as indorsee, and not in behalf of the corporation, rejecting his title in the indorsement, or considering it as mere surplusage. It would be, also, by virtue of the note as evidence of money had and received, and for such money, and not for the original consideration. Thus, in Brown v. Noyes [supra], this court held that such a note was evidence of money had and received of the indorsee, as well as payee, and furthermore, that when the suit could originally have been brought here, it might be now, if the indorsee also lived out of the state and could sue here. It further held in that case, when money counts were in the writ, and the present parties appeared in the writ to belong to different states, enough was averred to give jurisdiction under the money counts. The only doubt left under this view is, whether the corporation could have sued in this court and recovered on the original note, or whether it must have been done in the name of the agents. The note runs to "S. C. Thwing & Co., agents For. Improvement Company, or order." The evidence is that it was taken for the company's coal. On its face it is on behalf of the company, and I entertain no doubt that a suit on it, under proper averments, could have been sustained in this court by the corporation. Ang. & A. Corp. 254; 5 Vt. 500; Gilmore v. Pope, 5 Mass. 491; Koning v. Bayard [Case No. 7,924]; Taunton & S. B. Turnpike Corp. v. Whiting, 10 Mass. 336. The agents could also have sued, according to some views, though others are against it. 1 Bos. & P. 346, note; Id. 316; 3 Bos. & P. 98; 2 Kent, Comm. 630. And at least they are authorized to indorse the note, as they did, having full authority over those sales and the securities for them. See Story, Ag. 150, 151, 160, 161, etc. See Paley, Ag. 21. Under this aspect of the case, then, a recovery can be had as the record now stands, without an amendment. The facts on which it rests are also competent in evidence, though by parol, as they do not contradict, but merely explain the transaction in conformity with what is consistent with the face of the note, appearing thus to have been in behalf of the company. 10 Mass. 336; Drummond v. Prestman, 12 Wheat. [25 U. S.] 515; Douglass v. Reynolds, 7 Pet. [32 U. S.] 113; Lee v. Dick, 10 Pet. [35 U. S.] 482; Bell v. Bruen, 1 How. [42 U. S.] 169.