## Foss & *A. v.* Strafford.

As a general rule, exceptions will be considered as waived, unless taken at the first legal opportunity.

Where a road petition was re-committed to the same board of road commissioners who had previously had the matter under consideration, and an exception to the re-commitment was taken, but not till the term of the court next succeeding the one at which the reference was made,—*held*, that it was then too late to take the exception.

Matters falling within the discretion of an inferior tribunal are not grounds of exception, and cannot be re-examined in a superior court, unless sent up for that purpose.

PETITION of John C. Foss and others for a highway in Strafford. The petition was filed in the office of the clerk of the common pleas, on the 21st day of December, 1850, and an order of notice was issued, returnable at the January term, 1851; at which term the petition was referred to John Walker, Walter Durgin, and Bartholomew Wentworth, then road commissioners of the county. At the August term, 1851, the commissioners made their report, laying out

the highway prayed for. Upon a hearing had by the court upon the question of the acceptance of the report, it appeared that the commissioners, at the hearing before them, had admitted the petitioners to testify as witnesses in relation to the occasion for the highway. For this cause the report was set aside, and the petition was, by order of the court, again referred to the same commissioners, they being at the time of said reference out of office, and a new board, composed of different individuals, elected in their stead; to which reference the town objected, and moved to refer it to the new board.

At the January term of the common pleas, 1852, the commissioners made a new report, laying out the highway prayed for, and upon motion made by the petitioners for the acceptance of this report, the town excepted, for the reason that the petition was referred to the same commissioners, who, upon the first hearing, received and considered incompetent testimony in relation to the merits of the case.

And the questions arising upon the exception to the acceptance of the report were reserved and assigned to this court for determination.

*Christie & Kingman,* for Strafford.

1. Under § 8 of chapter 50 of the Revised Statutes, it is the duty of the court of common pleas, (and not a matter of discretion,) upon good cause shown, to commit a case to the new board of commissioners. If good cause is shown, the court are bound to do it; and we say that the order referring this matter back to the old board was erroneous.

2d. The cause shown in this case was good cause for committing the case to the new board. The old board had received the petitioners as witnesses, and formed their opinion thereon. They could not be an impartial board at that time. Their minds were made up. ·

3d. The case having been improperly re-committed to the old board, and they being disqualified to sit therein, the

report must be rejected. We could not have availed our-selves of this objection till the report was returned. We have moved in it at the first possible moment.

*J. H. Wiggins,* for the petitioners.

The statute law applying to this case is § 8 chapter 50 of the Revised Statutes. By this section the old board of road commissioners are to continue in office as to all pro-ceedings commenced or pending before them, until the same shall be completed, unless the court, for good cause shown, shall refer the same to the road commissioners for the time being. The statute is imperative. Unless good cause is shown to the court for a different disposition, the old board must continue to have jurisdiction till the proceedings are completed.

We submit to the court that under this section, the cause set up by Strafford for a commitment of this petition to the new board of road commissioners was not good nor suffi-cient, and the court of common pleas was right in commit-ting to the old board. Road commissioners are not jurors, nor is the hearing before them, in its essential particulars, like a jury trial. They constitute a distinct and indepen-dent court, so far as to determine the question whether there is occasion for the highway prayed for. If at their hearing they admit incompetent testimony, it is only an error of judgment,—a mistake of the law; and the hearing is only a mis-trial, which the court can remedy in the usual way. We submit that such an error or mistake, unaccompanied by misconduct, and in the absence of corrupt and improper motives on the part of the road commissioners, does not constitute the good cause contemplated by the statute. If it should be held to be so, it would be exceedingly difficult, if not impossible, to conceive of a case where the section could have any force.

2d. The court will not now entertain any inquiry whether the cause set up was good and sufficient, because the order

Foss *v.* Strafford.

of re-commitment was passed and carried into effect without exception on the part of the town. The proper time to except to the ruling of the common pleas was at the term when the ruling was made; and any exception to that ruling after one term of the court had passed, and after the report and petition had been re-committed and another hearing had, at which the town was present and to which it did not object, ought not to be considered.

EASTMAN, J. This exception comes too late. As a general rule, exceptions will be considered as waived, unless taken at the first legal opportunity. *Lisbon* v. *Bow*, 10 N. H. Rep. 167; *McConihe* v. *Sawyer*, 12 N. H. Rep. 396; *Stevens* v. *Goffstown*, 1 Foster's Rep. 454.

This petition was re-committed to the former board of road commissioners, to whom it was originally committed, instead of the new board who were in office at the time of the re-commitment. The ruling by which the petition was re-committed was made at the August term, 1851, but the exception was not taken till the January term, 1852, after the commissioners had reported upon the petition. The exception should have been taken at the August term, when the petition was re-committed. If it had been, probably the court would have transferred the question; or if not, they would have placed the matter in such a situation, by signing a bill of exceptions or otherwise, as to save the rights of the town.

It is true, the case states that the town objected to the reference at the time it was made, and moved that the petition be referred to the new board; but a mere objection cannot avail at any time. It must assume the form of an exception before the court can recognise it.

This is, moreover, an objection to an order of the common pleas, falling within its proper discretion; and this court will not revise it unless sent here for that purpose. The statute provides that " the road commissioners shall continue

in office, as to all proceedings commenced or pending before them, until the same shall be completed, unless the court, for good cause shown, shall refer the same to the road commissioners for the time being." The court decided that no such good cause was shown as to warrant them in taking the case out of the ordinary course; and they did not see fit to send the question to this court for advisement. This they might have done, however, had the objection assumed the form of an exception and been taken at the proper time.

But matters falling within the discretion of an inferior tribunal are not grounds of exception, and cannot be re-examined in a superior court, unless sent up for examination. *Clapp* v. *Hanson*, 3 Shepl. Rep. 345; *Jenkins* v. *Brown*, 21 Wendell's Rep. 454; *Feneley* v. *Mahoney*, 21 Pick. Rep. 212; *Cummings* v. *Fullum*, 13 Vermont Rep. 459; *Commonwealth* v. *Sackett*, 22 Pick. 394; *Cutter* v. *Grover*, 3 Shepl. 159.

The exception must be overruled and the

*Report accepted.*