# COOS.

## FARLEY *v.* DAY.

A writ returnable before a justice of the peace cannot be served by an attachment of the real estate of the defendant, and may be quashed, on motion, when that is the only service.

The statute requiring a writ to be indorsed by some "responsible person," where the plaintiff resides out of the State, intends that the indorser shall possess sufficient pecuniary ability to pay the costs that may be recovered against the plaintiff.

APPEAL from the judgment of a justice of the peace.

The writ was served by an attachment of the real estate of the defendant, and by giving him a summons. Before the magistrate the defendant moved, and renewed the motion in the court of common pleas, that the writ be quashed for want of legal service upon him; but the court denied the motion.

The plaintiff is an inhabitant of Vermont. The defendant pleaded in abatement that there was no responsible indorser of the writ in this State, as required by law, and in support of his plea offered evidence as to the pecuniary ability of the indorser. But the court ruled that to be immaterial, it being sufficient if the indorser was a resident of this State, and legally competent to bind himself by the indorsement.

To these rulings the defendant excepted, and the ques-

tions arising thereon were transferred to this court, for determination.

*Burt,* for the defendant.

I.   A " responsible person " is one of pecuniary ability to pay such costs as the defendant may recover in the suit. Rev. Stat. chap. 182 § 17 ;  Webster's Dict. " Responsible."

The next section shows the extent of the indorser's liability, and, of course, the extent of the responsibility required.   Rev. Stat. chap. 182 § 18.

A statute should be interpreted according to the meaning and intention of the legislature.   2 N. H. Rep. 105.

II.   Real estate cannot be attached on a justice writ.   It was so decided in Grafton county, January term, 1848.

The law only authorized service by a summons where the defendant's goods or estate are attached.   Rev. Stat. chap. 183 § 3.

Therefore, in this case, no property was attached, and service by summons was not authorized by law, and there was no legal service of the writ.

*Cooper,* for the plaintiff.

If the defendant had pleaded the supposed defect in the service of the writ, in abatement, it would then have become the duty of the court below to determine whether there was such a defect in the service as would constitute a legal cause of abatement, and to this determination exceptions might have been taken, and the question transferred to this court for final adjustment.

But the defendant having undertaken to avail himself of the supposed defect in the service of the writ, by means of a motion to quash, it was optional with the court below to consider the motion to quash or not, as seemed proper to them, in the exercise of their sound discretion.   The court below, considering the objection purely technical, refused to allow the motion.

Farley *v.* Day.

It is submitted, that the question arising upon this branch of the case is a matter of practice; that the court below, in determining whether or not they would consider the motion to quash, were not bound by any established principles of law, but were at liberty to consider the motion to quash or not, as should seem to them, in the proper exercise of their sound discretion, to best subserve the ends of justice.

No appeal lies from a decision of the court below to this court, where the court below are not bound in forming their conclusions to decide a question according to the principles of law, but are at liberty to make such orders, rulings and decisions as shall, in the exercise of their discretion, seem most to promote the ends of justice. That this was a proper case for the exercise of the discretion of the court below, see 4 N. H. Rep. 143.

The other question arising in this case is to be determined by the construction given to the 17th sect. of chap. 182 of the Revised Statutes.

The case finds that the plaintiff was an inhabitant of the State of Vermont at the time this suit was commenced.

The writ was indorsed before it was served by the plaintiff's agent and attorney, who was an inhabitant of this State.

The defendant pleaded in abatement, that the writ was not indorsed, before it was served, by a responsible person, who was an inhabitant of the State.

The court below overruled the plea on the ground that, in their opinion, the word "responsible," in said section, does not mean a pecuniary responsibility, and therefore the writ was properly indorsed.

It is contended, on the part of the plaintiff, that by the words " responsible person," as used in said section, is not meant a person of pecuniary responsibility, but a person responsible to the orders and precepts of the court—that is, a person who can be compelled to obey the orders and precepts of the court—a person within the reach of the court.

It is impossible that the legislature intended to use the word "responsible" in the sense contended for by the defendant, for if "responsible person," as used in said section, means a person of pecuniary responsibility, it would be impossible to give any practical construction to those words.

If the construction which the defendant contends for were to be given to those words, would it come within the province of the court or the jury to determine whether the indorser was responsible or not?

Whose duty would it be to determine how much the indorser must be worth to be responsible? How much must the indorser be worth to be responsible, where the action is commenced before a justice, and founded upon a note, to which there is no possible defence?

If it fall within the province of the court to decide upon the responsibility of the indorser, by what rule will they be governed in forming their conclusions? How can the court tell, at the commencement of a suit, whether the cost will amount to ten dollars or five hundred? If the court are wholly uninformed as to the extent of the indorser's liability, how are they to determine his responsibility? "Responsible," in a pecuniary sense, is a relative term. Whether the indorser is responsible or not, must depend upon the extent of his liability.

If it should fall to the province of the jury to determine the question of the indorser's responsibility, they would labor under the same difficulty as the court would.

It is contended on the part of the plaintiff that the writ was properly indorsed, before it was served, by his agent and attorney. *Pettingill* v. *McGregor*, 12 N. H. Rep. 179.

GILCHRIST, C. J. The writ in this case was returnable before a justice of the peace, and the service was by attachment of the real estate of the defendant. This point was settled by this court in the case of *Everett* v. *Evans*, decided

in the county of Grafton, at the December term, 1848. A justice writ was served by an attachment of the real estate of the defendant, and the justice decided that it should be quashed; and upon the question being transferred to this court it was held that there had been no legal service of the writ, and judgment was rendered for the defendant. In the present case, the ruling of the court upon this point was erroneous. Where there has been no legal service of a writ, the defect may be taken advantage of upon a motion to quash it. But that does not render it a matter of discretion with the court whether they shall apply the principles of law to the motion, or not, but the law is their rule of conduct, in this as in other cases. In all cases where real or personal estate is attached, there must be a service upon the defendant in some way prescribed by law. *Jones* v. *Smith,* 3 N. H. Rep. 108. It is true, as contended in the argument of the plaintiff, that the court will not revise the merits of a question whose determination depends upon the discretion of the court, but the present case is not one of that class. To show that this is a proper case for the exercise of the discretion of this court, the counsel refers to the case of *Tilton* v. *Parker,* 4 N. H. Rep. 142. That case, however, merely decides that it is competent for the court, in its discretion, to quash the writ on motion, for defect of service, or to put the defendants to plead the matter in abatement.

Upon the second point, the court ruled, in substance, that if an indorser of a writ is a resident in this State, and legally competent to bind himself by an indorsement, his pecuniary ability is not to be inquired into.

The law provides that if the plaintiff is not an inhabitant of the State, the writ shall be indorsed by some responsible person who is such inhabitant. Rev. Stat. chap. 183 § 17.

It would seem that the meaning of the word "responsible" could not admit of any doubt, in this connection. Strictly speaking, the word means "liable, answerable," rather than "able to discharge an obligation;" but the latter

is very clearly the sense in which it is used in the statute. In the case of *Williams* v. *Hadley*, 19 Pick. 379, the plaintiff was insolvent, and the court of common pleas, on motion by the defendant, ordered the plaintiff to procure a responsible indorser of his writ. The Rev. Stat. of Mass. chap. 90 § 10, provides that if the plaintiff removes out of the State, pending the action, he shall be required to procure a responsible indorser. It was held that the court had power to require an indorser whenever it should appear to them reasonable. This decision tends to show what construction was put by the court upon the word "responsible. In the case of *Feneley* v. *Mahoney*, 21 Pick. 212, the defendant moved that the plaintiff be required to furnish a sufficient indorser of the writ, on the ground that he was poor and irresponsible in point of property. *Shaw*, C. J., said " the obvious intent of the legislature was to indicate as a general rule that a plaintiff within the State should have liberty to sue without giving security for costs, but if not within the reach of the process of the court, or if he should depart from it, such security should be required. * * It is the obvious general policy of the legislature to permit a plaintiff, though poor, and apparently insolvent, to sue for his rights so long as he is an inhabitant of the Commonwealth, and within its jurisdiction."

We think that the legislature meant by the words " responsible person," a person who is able to pay the costs which, by his indorsement, he became liable to pay, in the event of the plaintiff's failure in his suit, and that the ruling of the court below was erroneous, and this opinion is to be certified to the court of common pleas.