NOBLE (PETTILON v.).   See Case No. 11,044.

NOBLE (STRONG v.).   See Case No. 13,543.

NOBLE (UNITED STATES v.).   See Case No. 15,895.

NOBLE (WARFORD v.).   See Case No. 17,175.

NOBLE, The ROBERT.   See Case No. 11,894.

NOBLE, The R. P.   See Cases Nos. 9,639 and 9,640.

## Case No. 10,283.

### NOBLET et al. v. OHIO & M. R. CO.

[1 Cin. Law Bul. 346.]

Circuit Court, S. D. Ohio.   Oct. Term, 1876.

SERVICE OF WRIT—NAME OF CORPORATION—RE- TURN—AMENDMENT.

Where service is made upon the proper party, the writ, return and bill may be amended as to the name by which the defendant was sued. So *held* where the bill described the defendant as the "Ohio & Mississippi Railroad Co.," when it should have been the "Ohio & Mississippi Railway Company."

[This was a motion by Samuel Noblet and others in a suit against the Ohio & Mississippi Railway Company.]

I. Moore, for plaintiff.

N. A. Jordan, for defendant.

SWING, District Judge. The bill filed in this case describes the defendant as the Ohio & Mississippi Railroad Co., and the defendants answer in that name. The complainant has since discovered that the Ohio & Mississippi Railroad Company, prior to the bringing of this suit, had been reorganized and its name changed from that of the Ohio & Mississippi Railroad Co., to that of the Ohio & Mississippi Railway Company; that the ser-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 3 N. B. R. 96 (Quarto, 25).]

vice was in fact made upon the proper officer of the Ohio & Mississippi Railway Co.; and the complainant now moves the court for leave to amend the bill by inserting the true name of the corporation, and also to amend the writ and return of the marshal. The power of amendment by the federal courts is now very extensive, and looking at the statute and course of decisions, we think the amendments asked are within the power of the court. In Todd's Practice it is laid down that the declaration may be amended, even after the plea in abatement for misnomer. 1 Todd, Prac. 697. In the case of the corporation of Georgetown v. Beatty [Case No. 5,344], the plaintiff had leave to amend the writ and declaration by stating the plaintiffs to be "Mayor, recorder, alderman and common council of Georgetown," instead of the "Corporation of Georgetown," and there are numerous cases in which a corporation has been sued by a wrong name, that the plaintiff has been permitted to correct the mistake by an amendment of the writ. Burnham v. Savings Bank, 5 N. H. 573; Bullard v. Nantucket Bank, 5 Mass. 99; Sherman v. Connecticut River Bridge Co., 11 Mass. 338. The motion to amend is therefore granted, upon payment of costs.